J-A17010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| C.H.C. | : | IN THE SUPERIOR COURT OF |
| Appellant | : | PENNSYLVANIA |
| v. | : | |
| C.G.C.-F. | : | |
| Appellee | : | No. 3327 EDA 2016 |

Appeal from the Order October 20, 2016
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): 008901864,
No. 1407V7250

| | | |
|---|---|---|
| C.H.C. | : | IN THE SUPERIOR COURT OF |
| Appellant | : | PENNSYLVANIA |
| v. | : | |
| C.G.C.-F. | : | |
| Appellee | : | No. 3328 EDA 2016 |

Appeal from the Order October 20, 2016
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): 008901864,
No. 1407V7250

| | | |
|---|---|---|
| C.H.C. | : | IN THE SUPERIOR COURT OF |
| Appellant | : | PENNSYLVANIA |
| v. | : | |
| C.G.C.-F. | : | |
| Appellee | : | No. 3329 EDA 2016 |

Appeal from the Order October 20, 2016
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): 008901864,
No. 1407V7250

BEFORE: GANTMAN, P.J., RANSOM, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED JUNE 08, 2017**

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant, C.H.C., appeals *pro se* from the orders entered in the Philadelphia County Court of Common Pleas, which dismissed his various contempt petitions filed against his ex-wife, Appellee, C.G.C.-F., for alleged violations of a Protection from Abuse ("PFA") order, under 23 Pa.C.S.A. §§ 6101-6122. On July 17, 2014, Appellant filed a PFA petition, alleging that Appellee, her boyfriend, and her boyfriend's brothers came to Appellant's house and threatened to harm him. Appellant also claimed Appellee and others vandalized his home and poisoned his dog. The court issued a temporary PFA order based on Appellant's allegations. The court entered a final PFA order on July 22, 2014, by agreement of the parties (with no admissions of wrongdoing by Appellee), prohibiting Appellee from any contact with Appellant for three years.

On April 30, 2015, Appellant filed a petition for contempt, claiming Appellee went to his property with two others, intimidated Appellant's wife, and caused extensive damage to Appellant's property. Appellant filed another contempt petition on July 8, 2015, alleging Appellee was stalking and harassing him. On November 19, 2015, Appellant filed a third contempt petition, insisting Appellee stalked him and his family and damaged his property. Following a hearing, the court dismissed the April 30, 2015 contempt petition on January 13, 2016. On June 16, 2016, following a hearing, the court dismissed Appellant's July 8, 2015 contempt petition. On July 15, 2016, Appellant filed a fourth contempt petition, alleging Appellee

stalked him and stuck her head inside his car while Appellant was parked at 13th and Arch Streets. Appellant filed a fifth contempt petition on August 16, 2016, claiming Appellee stalked him, put her head in his car, tore off the screen door of his home, and pulled out the front screens of his window.

On October 20, 2016, the court held a hearing on Appellant's November 19, 2015, July 15, 2016, and August 16, 2016 contempt petitions. The court decided Appellant had presented no evidence to substantiate any of his claims, deemed Appellee's testimony credible, and dismissed the various petitions.[1] Appellant timely filed *pro se* notices of appeal on October 27, 2016. On November 2, 2016, the court ordered Appellant to file concise statements per Pa.R.A.P. 1925(b); Appellant timely complied. This Court subsequently consolidated the appeals *sua sponte*.

Preliminarily, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **Id.** Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

---

[1] In its Pa.R.A.P. 1925(a) opinion, the trial court stated that Appellant appears to be engaging in a relentless and harassing course of conduct against Appellee, in which he repeatedly raises unsubstantiated claims. As a result of Appellant's actions, Appellee has been criminally charged in three separate matters, each of which was ultimately withdrawn.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (some internal citations omitted). **See also** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief). Here, Appellant's "brief" is woefully inadequate. Appellant's brief fails to include the necessary statement of jurisdiction, orders in question, relevant scope and standard of review, statement of questions presented, and omits any coherent argument section with citation to relevant authority. **See** Pa.R.A.P. 2111(a) (discussing required content of appellate briefs). **See also Smathers v. Smathers**, 670 A.2d 1159 (Pa.Super. 1996) (stating noncompliance with Rule 2116 is particularly grievous because statement of questions involved defines specific issues for review). Instead, Appellant baldly asserts, *inter alia*, the judges, lawyers, court reporters, and others involved in his case are engaged in a conspiracy to "turn a blind eye" to Appellee's repeated violations of the underlying PFA order. Appellant also lodges numerous, irrelevant allegations against his mother and adult son, who are not parties to this appeal. Appellant provides no cogent legal arguments or relevant authority to support his claims. **See** Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority). These substantial defects preclude meaningful review, warranting suppression of Appellant's brief and dismissal of the appeal. **See In re Ullman, supra**;

J-A17010-17

Pa.R.A.P. 2101.[2]   Accordingly, we suppress Appellant's brief and dismiss his appeal.

Appeal dismissed.   Case is stricken from the argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2017

---

[2] On May 17, 2017, Appellant filed a motion to file a supplemental brief, containing new allegations against Appellee.  We deny Appellant's motion.