J-S75037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MIRIAM WILLIAMS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK NELLOM, | |
| Appellant | No. 1460 EDA 2014 |

Appeal from the Order entered March 19, 2014
in the Court of Common Pleas of Delaware County,
Domestic Relations, at No(s): 2012-00895

BEFORE:  ALLEN, LAZARUS, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED DECEMBER 01, 2014**

Frank Nellom ("Appellant") appeals *pro se* from the order dismissing his petition to reduce child support arrears.  Upon review, we dismiss the appeal pursuant to Pa.R.A.P. 2101 (if defects in the brief of appellant are substantial, the appeal may be quashed or dismissed).

In addition to being largely nonsensical, Appellant's brief lacks conformity with the Rules of Appellate Procedure.  For example, in stating the "Order in Question" as required by Pa.R.A.P. 2115 (providing that the text of the order from which an appeal has been taken shall be set forth verbatim), Appellant instead provides:

> The order in question seeks jurisdiction over Appellant where no complaint exist [sic] to establish jurisdiction, through admitting this fabricated hearsay evidence:  "Defendant stated he makes $25,000 a year," the Honorable Judge Barry C. Dozer found Income Tax Returns prove [sic] is false to require rejecting as evidence.

Appellant's Brief at 3 (underline in original).[1]

The sum effect of Appellant's brief, including his argument, which spans less than two pages, is nonsensical. *See Smathers v. Smathers*, 670 A.2d 1159 (Pa. Super. 1996) (a *pro se* appellant's brief precluded meaningful review where the brief contained no organized and developed arguments, and even a liberal construction of the brief based on appellant's *pro se* status did not remedy the brief's inadequacies). To the extent that Appellant argues that "a complaint was never filed", Appellant's Brief at 7, the record contains a "Child Support Enforcement Transmittal" dated June 6, 2012, from the Albany Hub Interstate Center in Albany, Georgia, on behalf of Appellee and the parties' minor child, which scheduled a conference for July 6, 2012 in Pennsylvania.

We further note that the record lacks notes of testimony from the March 19, 2014 proceedings underlying the March 19, 2014 order from which Appellant appeals. An appellate court cannot consider anything that is not a part of the record. *Smith v. Smith*, 637 A.2d 622, 623 (Pa. Super. 1993). The burden to produce a complete record for appellate review rests solely with the appellant. *Commonwealth v. Chopak*, 615 A.2d 696, 701

---

[1] Our review of the record reveals that Appellant is appealing from a hearing officer's recommendation that was made an order of court by the Honorable Ann Osbourne.

n.5 (Pa. 1992). A failure by an appellant to ensure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issue(s) sought to be examined. ***Smith, supra***.

Based on the foregoing, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/1/2014