J-A24044-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RALPH LOUIS DOUROS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONWIDE MUTUAL FIRE | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Appellee | : | No. 462 EDA 2015 |

Appeal from the Order Entered January 26, 2015,
in the Court of Common Pleas of Delaware County,
Civil Division at No(s):  2013-010627

BEFORE:  PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 11, 2015**

Ralph L. Douros (Douros) *pro se* appeals from an order granting the motion for judgment on the pleadings filed by Nationwide Mutual Fire Insurance Company (Nationwide).  We dismiss this appeal.

The background underlying this matter can be summarized as follows. Douros had a homeowner's insurance policy with Nationwide when, on October 28, 2009, a fire destroyed Douros' home.  On October 25, 2013, Douros filed a complaint against Nationwide wherein he alleged Nationwide breached the homeowner's insurance policy by failing to compensate him adequately for his loss.  A default judgment was entered against Nationwide; however, Nationwide successfully petitioned to open that judgment.

After filing an answer with new matter, Nationwide filed a motion for judgment on the pleadings.  In that motion, Nationwide argued that it was

* Retired Senior Judge assigned to the Superior Court.

entitled to judgment as a matter of law because Douros failed to join to the action an indispensable party, Margaret D. Douros, and because Douros' complaint is time barred, as the policy required Douros to file an action against Nationwide within one year after his loss. Douros filed an answer to Nationwide's motion.

After holding a hearing on Nationwide's motion for judgment on the pleadings, the trial court granted it. Douros timely filed a notice of appeal. On February 17, 2015, the trial court directed Appellant to comply with Pa.R.A.P. 1925(b). The following day, Appellant filed a 1925(b) statement. Appellant supplemented that statement on February 27th and March 3rd of 2015.

The trial court subsequently filed an opinion in compliance with Pa.R.A.P. 1925(a). Therein, the court stated that it did not consider Nationwide's indispensable-party claim. Trial Court Opinion, 4/13/2015, at 3 n.1. Instead, the court explained that it granted the motion for judgment on the pleadings because Douros' complaint is time barred by the policy's one-year suit limitation.

In his brief to this Court, Douros presents four confusing issues in his "statement of the questions involved."[1] Douros' Brief at 4. Yet, the "argument" section of Douros' Brief contains only one indiscernible diatribe

---

[1] For instance, Douros' third issue asks us to consider "[w]hether [his] previous counsel of record devoted in conduct what a reasonable, credible observer would expect from an experienced attorney." Douros' Brief at 4.

against Nationwide and the trial court, in violation of, *inter alia*, Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued."). Douros' Brief at 10-16.

We further observe that the propriety of the trial court's decision turns entirely on an interpretation of the pertinent insurance policy. Without access to that policy, this Court cannot review the trial court's decision. Yet, the certified record is devoid of the policy. Ultimately, Douros had the responsibility of ensuring that the certified record was complete for this Court's review. **See Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) ("Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty.").

> We are mindful of the fact that [Douros] is proceeding *pro se* in this appeal. Nevertheless, this *pro se* representation does not relieve [him of his] duty to properly raise and develop [his] appealable claims. [This Court has explained] the following:
>
> > While this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because []he lacks legal training. As our [S]upreme [C]ourt has explained, "any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing."

**Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa. Super. 1996) (citations omitted).

The Rules of Appellate Procedure grant this Court the discretion to dismiss an appeal when the defects in an appellant's brief are substantial. Pa.R.A.P. 2101. The defects in Douros' brief are substantial and are supplemented by fatal defects in the certified record. Thus, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2015