J. S83011/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EARL PHILLIP MURRAY, | : | IN THE SUPERIOR COURT OF |
| INDIVIDUALLY, AND EARL PHILLIP | : | PENNSYLVANIA |
| MURRAY, REPRESENTATIVE OF THE | : | |
| ESTATE OF ANNA MURRAY | : | |
| | : | |
| v. | : | |
| | : | |
| RICK WARNER AND THERESA | : | |
| WARNER, HUSBAND AND WIFE, | : | No. 523 WDA 2016 |
| | : | |
| Appellants | : | |

Appeal from the Order, March 15, 2016,
in the Court of Common Pleas of Somerset County
Civil Division at No. 848 Civil 2012

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED DECEMBER 22, 2016**

Rick Warner and Theresa Warner, husband and wife, appeal, **pro se**, the March 15, 2016 order entered in the Court of Common Pleas of Somerset County that denied their motion for post-trial relief and affirmed the trial court's December 31, 2015 order that (i) declared that a $5,800 advance made to appellants by the late Earl Phillip Murray and the late

_____
* Retired Senior Judge assigned to the Superior Court.

Anna Murray[1] is a loan; (ii) entered judgment against appellants in the amount of $5,800; and (iii) required appellants to repay the $5,800 loan within 180 days of entry of the trial court's March 15, 2016 order. We are constrained to dismiss this appeal.

In reviewing appellants' brief, we are unable to discern the issue or issues that appellants wish this court to review because appellants have failed to include a statement of questions presented. We have recognized that the omission of a statement of questions presented is "particularly grievous since the statement . . . defines the specific issues this court is asked to review." *Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa.Super. 1996), quoting *Commonwealth v. Maris*, 629 A.2d 1014, 1016 (Pa.Super. 1993). "When the omission of the statement of questions presented is combined with the lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review." *Smathers*, 670 A.2d at 1160.

Here, in addition to failing to include a statement of questions presented, appellants' brief also fails to include a statement of jurisdiction, a statement of both the scope of review and the standard of review, a

---

[1] The record reflects that Earl Phillip Murray and Anna Murray were husband and wife. Anna Murray passed away on December 27, 2012, and Earl Phillip Murray was appointed as her personal representative. Earl Phillip Murray then passed away on January 15, 2013. Following his death, Catherine Marshall, the executrix of the estate of Earl Phillip Murray, continued this litigation on behalf of the estate.

statement of the case, a summary of the argument, an argument, and a short conclusion stating the precise relief sought. What appellants' brief does contain is a list of entries titled "fact," "error of law," "error of fact," and "error of fact and law."[2] Appellants' brief is devoid of an argument and contains no citation to legal authority. Although we are mindful that appellants are proceeding **pro se**, their choice to do so does not relieve them of their responsibility to properly raise and develop appealable claims. **See id.** Moreover, this court will not act as appellants' counsel. **See id.**

---

[2] For example, appellants' brief states:

> Fact: Earl Murrays [sic] residence was 317 Glessner Road, Johnstown[,] Pa[.] 15902 in Conemaugh Twp[.], Somerset County.
>
> Error of Law: Catherine Marshall has not yet been proven True Representative Of the Estate of Earl Phillip Murray.
>
> Fact: Catherine resides at 416 Govier Lane Johnstown, Conemaugh Twp.[,] Somerset County, 15905.
>
> Error of Fact: Until 2010 Catherine Marshall resided at 104 Hornet Street[,] Conemaugh Twp[.], Cambria County, 15902.
>
> Error of Fact: Catherine was an Employee of Yellow Book, Was a Sales Representative whose sales district included but not limited to Somerset County[.] She was injured on the job and did not retire from this job.

Appellants' brief at unnumbered page 3 (numbering and lettering scheme omitted).

J. S83011/16

Accordingly, because the substantial defects in appellants' brief preclude us from conducting any meaningful judicial review, we must dismiss this appeal. *See* Pa.R.A.P. Rule 2101; *see also Smathers*, 670 A.2d at 1160-1161.

    Appeal dismissed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/22/2016</u>