J-A07019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DAVID GOULD | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| WEISSANG, INC. D/B/A FISHERS PHARMACY AND JENNIFER LEIBFREID | |
| Appellees | No. 875 WDA 2016 |

Appeal from the Order Dated April 7, 2016
In the Court of Common Pleas of Bedford County
Criminal Division at No: No. 264-2013

BEFORE: OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 27, 2017**

Appellant David Gould, *pro se*, appeals from the April 7, 2016 order of the Court of Common Pleas of Bedford County ("trial court"), which granted Appellees Weissang, Inc. d/b/a Fishers Pharmacy and Jennifer Leibfreid's motion for summary judgment. Upon review, we affirm.

On March 5, 2013, Appellant initiated the instant action against Appellees, asserting claims sounding in negligence. Appellant alleged that, on March 1, 2012, he was hired by Aerotek, a temporary employment agency. Appellant's Complaint, 3/5/13, at ¶ 6. According to Appellant, as part of the hiring process, he was subjected to a drug test, which he allegedly passed. *Id.* at ¶¶ 6-7. Appellant further alleged that he began

---

[*] Retired Senior Judge assigned to the Superior Court.

working as a temporary machinist at McLanahan through Aerotek. *Id.* at ¶ 8, 26. Appellant alleged that, on March 7, 2012, he was suffering from an upset stomach and diarrhea. *Id.* at ¶ 9. As a result, Appellant alleged that he took a dose of an over-the-counter intestinal mixture lot 61 ("Intestinal Mixture") that his mother, Joann Gould, had purchased from Appellees at Appellant's request. *Id.* at ¶¶ 4, 10. Two days later, according to Appellant, he "suffered a work-related injury when a hot piece of metal pierced his throat area and he suffered temporary breathing problems."[1] *Id.* at ¶ 11. Appellant was directed to go to a hospital for treatment. *Id.* at ¶ 12. At the hospital, Appellant was administered a drug test, which he failed. *Id.* at ¶¶ 13-14. Appellant alleged that he was informed that his drug test was positive for phenobarbital, a Schedule IV Controlled Substance. *Id.* at ¶ 14. Appellant eventually reviewed the label of the Intestinal Mixture and discovered that it was the source of the phenobarbital. *Id.* at 17. Appellant alleged that he was unaware prior to his review of the label that the Intestinal Mixture contained phenobarbital. *Id.* at ¶ 10, 23. Because of the positive drug test, McLanahan terminated Appellant's employment on March 19, 2012, and Aerotek followed suit on March 21, 2012. *Id.* at ¶¶ 18-19. Appellant alleged that, but for the

---

[1] Appellant did not allege that his ingestion of the Intestinal Mixture caused the work injury.

positive drug test, McLanahan would have hired him as a full-time machinist. *Id.* at ¶ 20.

On June 19, 2013, Appellees moved for judgment on the pleadings on the basis of the economic loss doctrine,[2] asserting that Appellant failed to allege any non-economic injuries caused by his ingestion of the Intestinal Mixture. Appellees' Judgment on the Pleadings, 6/19/13, at ¶¶ 6-7. On August, 30, 2013, by agreement of the parties, the trial court granted Appellant thirty days to file an amended complaint.

On September 27, 2013, Appellant filed his "First Amended Complaint," reasserting his negligence claims and asserting for the first time violations of the State Board of Pharmacy ("Board") regulation (49 Pa. Code § 27.18) and Section 201-2(4)(ii), and (vii) Unfair Trade Practice and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201–1, *et seq.*[3]

On January 28, 2014, Appellees filed a renewed motion for judgment on the pleadings. Appellees asserted that Appellant's negligence claims

---

[2] As we recently explained in **Dittman v. UPMC**, 154 A.3d 318 (Pa. Super. 2017), "[t]he economic loss doctrine states that 'no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage.'" **Dittman**, 154 A.3d at 325 (citation omitted).

[3] To the extent Appellant raises claims under Section 201-2(4)(v), (ix), (xi) and (xxi) on appeal, we decline to review them. Appellant failed to assert violations under these subsections of the UTPCPL in his complaint or before the trial court and, as a result, he may not raise violations of these subsections for the first time on appeal. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

were barred by the economic loss doctrine and his claim for violation of the Board regulation was not viable as there exists no private cause of action. Appellees also asserted that Appellant's claim for violation of the UTPCPL was without merit because he was unable to "demonstrate the requisite 'unfair and deceptive acts and practices'" because "he expressly alleges and admits that the label on the [Intestinal Mixture] disclosed that it contained phenobarbital, and that he did not read [the] label prior to ingesting the product." Appellees' Renewed Motion for Judgment on the Pleadings, 1/28/14, at ¶ 22. Following a hearing, on March 27, 2014, the trial court granted Appellant twenty days to file a second amended complaint and dismissed as moot, and without prejudice, Appellees' renewed motion for judgment on the pleadings.

On April 16, 2014, Appellant filed a "Second Amended Complaint,"[4] once again asserting negligence claims, and violations of the UTPCPL. On June 27, 2014, Appellees filed a "Second Renewed Motion for Judgment on the Pleadings," seeking dismissal of Appellant's action. Specifically, Appellees asserted that Appellant's negligence claims continued to fail because of the economic loss doctrine. Appellees also asserted that Appellant was unable to establish unfair and deceptive acts or practices under the UTPCPL because he admitted in his pleadings that the label affixed

_____

[4] The factual allegations in the second amended complaint mirrored the allegations raised in the previous complaints.

- 4 -

on the Intestinal Mixture listed phenobarbital as an ingredient and that he failed to read the label prior to ingesting the Intestinal Mixture. On October 29, 2014, the trial court granted in part and denied in part Appellees' motion for judgment on the pleadings. Based on the economic loss doctrine, the trial court dismissed with prejudice the negligence claims. The trial court, however, denied judgment on the pleadings on the UTPCPL claim. Discovery ensued.

On December 15, 2015, Appellees moved for summary judgment on the sole remaining claim, *i.e.*, the UTPCPL claim. Appellees argued, *inter alia*, that Appellant's UTPCPL claim fails because Appellant failed to establish that Appellees engaged in any deceptive conduct with respect to the Intestinal Mixture. Specifically, Appellees argued that Appellant could not establish that they deceived him about the contents of the Intestinal Mixture. In this regard, Appellees pointed to Appellant's admission, as set forth in his second amended complaint and in his deposition testimony, that the label affixed to the Intestinal Mixture listed phenobarbital as an ingredient. On April 7, 2016, the trial court granted Appellees' motion for summary judgment as a matter of law, concluding that Appellant could not establish the element of deception and misrepresentation under the UTPCPL given his admission that the Intestinal Mixture listed phenobarbital as an

ingredient on its label.[5]   Trial Court Order, 4/7/16, at ¶ 1 n.3.   Appellant

timely appealed to this Court.   The trial court directed Appellant to file a

Pa.R.A.P. 1925(b) statement of errors complained of on appeal.   Appellant

complied.   In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises two issues for our review:

> [I.] Whether the lower court abused its discretion in granting summary judgment in favor of [Appellees] and dismissing [] Appellant's complaint?
>
> [II.] Whether the lower court abused its discretion in deeming that [] Appellant did not meet his burden of proof or that there was no material disputed facts for a review by a jury?

Appellant's Brief at 7 (unnecessary capitalization omitted).

For purposes of disposition and clarity, we combine Appellant's issues.

Appellant essentially argues that the trial court erred in granting Appellees'

motion for summary judgment because a dispute exists as to genuine issues

of material fact concerning whether the Intestinal Mixture listed

phenobarbital as an ingredient.[6]

Preliminarily, we recognize that Appellant is representing himself in

this appeal.   Nonetheless, *pro se* representation does not excuse Appellant

of his duty to properly assert and develop his appealable claims. ***Smathers***

---

[5] The trial court also concluded that Appellant could not establish that he justifiably relied on Appellees' alleged misrepresentation.  Trial Court Order, 4/7/16, at ¶ 1.

[6] Appellant does not challenge the trial court's conclusion that he failed as a matter of law to establish the element of justifiable reliance under the UTPCPL.

***v. Smathers***, 670 A.2d 1159, 1160 (Pa. Super. 1996). As we have explained:

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training. As our [S]upreme [C]ourt has explained, "any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing."

***Id.*** In this case, Appellant chose to proceed *pro se* and, consequently, he cannot now expect this Court to act as his attorney when issues are not properly preserved, raised and developed. ***Id.***

With this in mind, and before we address the merits of his claim, we note that Appellant raises a number of issues on appeal that he has failed to preserve for our review. Thus, to the extent Appellant relies on the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, to argue that Appellees could not legally dispense the Intestinal Mixture, which contained phenobarbital, without a prescription, we reject such argument as waived. Appellant did not raise the applicability of the FDCA in the trial court. ***See*** Pa.R.A.P. 302(a). Even if he had, he still would not be entitled to relief because the FDCA does not provide for a private cause of action. ***See In re Orthopedic Bone Screw Prod. Liab. Litig.***, 193 F.3d 781, 788 (3d Cir. 1999) ("It is well settled, however, that the FDCA [(21 U.S.C. § 337(a))] creates no private right of action."); ***see also Cabiroy v. Scipione***, 767 A.2d 1078, 1081 (Pa. Super. 2001) (noting that the FDCA

does not contain a private cause of action), ***appeal denied***, 782 A.2d 541 (Pa. 2001).

Similarly, insofar as Appellant invokes causes of action for fraud, negligent misrepresentation and breach of contract, we decline to entertain them because Appellant failed to raise them in the trial court.  ***See*** Pa.R.A.P. 302(a).  We also reject as waived Appellant's challenge to the trial court's grant of Appellees' second renewed motion for judgment on the pleadings dismissing his negligence claims.  Appellant has failed to raise this issue in the statement of question presented section of his brief.  ***See Krebs v. United Refining Co. of Pa.***, 893 A.2d 776, 797 (Pa. Super. 2006) (stating that any issue not set forth in or suggested by an appellate brief's statement of questions involved is deemed waived under Pa.R.A.P. 2116(a)). Additionally, even if we were to overlook Appellant's noncompliance with Rule 2116(a), we still would not be able to review meaningfully this issue because he fails to develop his argument that the trial court erred in applying the economic loss doctrine to dismiss his negligence claims.  ***See*** Pa.R.A.P. 2119; ***see also Umbelina v. Adams***, 34 A.3d 151, 161 (Pa. Super. 2011) (stating "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived[]") (citation omitted), ***appeal denied***, 47 A.3d 848 (Pa. 2012).

We now turn to Appellant's argument that the trial court erred in granting Appellees' motion for summary judgment and consequently dismissing his claims under Section 201-2(4)(ii), and (vii) of the UTPCPL.

It is well-settled that

[o]ur scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Hovis v. Sunoco, Inc.*, 64 A.3d 1078, 1081 (Pa. Super. 2013) (quoting *Cassel-Hess v. Hoffer*, 44 A.3d 80, 84-85 (Pa. Super. 2012)). Moreover, "[w]here the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers to survive summary judgment." *Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 563 (Pa. Super. 2014) (citation omitted). "Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." *Id.* Finally, "[s]ummary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, affidavits and other materials show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *412 North Front*

*Street Assocs., LP v. Spector Gadon & Rosen, P.C.*, 151 A.3d 646, 660 (Pa. Super. 2016) (citation omitted).

Here, Appellant argues that a dispute exists as to genuine issues of material fact concerning whether the label affixed to the Intestinal Mixture listed phenobarbital as an ingredient. Appellant contends that the Intestinal Mixture did not feature "any clear notice that [it] in fact contained [phenobarbital] that required a prescription." Appellant's Brief at 23. He argues that "[b]ut for the mislabeling, [he] would not have swallowed the [Intestinal Mixture] and fail[ed] a drug test." *Id.* In essence, Appellant argues that the Intestinal Mixture "did not state the true ingredients," *i.e.*, that it contained phenobarbital. *Id.* at 25.

"To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004) (citations omitted). The UTPCPL provides in part:

> (4) **"Unfair methods of competition"** and **"unfair or deceptive acts or practices"** mean any one or more of the following:
>
> . . . .
>
> (ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;
>
> . . . .
>
> (vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another[.]

- 10 -

73 P.S. § 201-2(4)(ii), (vii).

Instantly, contrary to Appellant's assertions on appeal, it is undisputed that the label affixed to the Intestinal Mixture listed as an ingredient phenobarbital. As Appellees point out, Appellant admitted this fact not only in his complaint, but also during his deposition. Indeed, at his deposition, Appellant testified:

> Q. But if [the Intestinal Mixture] had said, contains phenobarbital as one of the ingredients, [consumers] would have known that, correct?
>
> A. Well, if something came up that there was a question that phenobarbital was causing a problem, they could have found out because it would have been on the bottle. But without having it on the bottle, you don't know where it comes from. If they had this labeled, this label on the bottle, I would have never known that I had—you know, that I had gotten phenobarbital in my system. The only reason I knew I did is because they have it labeled there that it contains phenobarbital. This bottle doesn't say what it contains.
>
> Q. Now, the bottle that's labeled [Intestinal Mixture], that's the one that you took in March of 2012, correct?
>
> A. Correct.
>
> Q. And the label on that bottle does indicate that it contains phenobarbital, doesn't it?
>
> A. Yes.

Deposition Testimony, 4/30/15, at 67-68. Moreover, Appellant testified that he was able to read the label affixed to the Intestinal Mixture and, had he read the label prior to ingesting the Intestinal Mixture, he would have noticed that the Intestinal Mixture contained phenobarbital.

> Q. Now, sir, you'll agree with me that on the front—the label on the front of the [] Intestinal Mixture, there is a list of ingredients at the bottom that says, contains, correct?
>
> A. Yes.

- 11 -

Q. And then after the word, contains, there are four ingredients, right?

A. Right.

Q. And you're able to read that, correct?

A. Yes.

Q. So if you had looked at that at the time you took the dose of [the Intestinal Mixture], you would have seen that it had phenobarbital listed there, correct?

A. I would have seen that it had what it contained, but I wouldn't have known what phenobarbital was.

Q. And the list of what it contains includes the word, phenobarbital, correct?

A. Correct.

*Id.* at 86. Also, our review of the record, especially Appellant's deposition testimony, reveals that he did not allege that Appellees ever advised him that the Intestinal Mixture was bereft of phenobarbital. *Id.* at 86-87. Based on the evidence of record, and in light of Appellant's own admission, it is undisputed that the label affixed to the Intestinal Mixture listed phenobarbital as an ingredient, and that Appellees did not make any statements to Appellant to the contrary. As a result, the trial court did not err in concluding that no genuine issues of material fact existed with respect to the ingredients of the Intestinal Mixture. Thus, viewing the record in the light most favorable to Appellant, as the nonmoving party, and resolving all doubts as to the existence of a genuine issue of material fact against Appellees, we conclude that the trial court did not err in granting Appellees' motion for summary judgment as a matter of law. In sum, Appellant cannot

establish that Appellees misrepresented or deceived him regarding the ingredients of the Intestinal Mixture.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2017