J. A15037/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| L.M.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| J.L.B., | : | No. 101 MDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered August 18, 2017,
in the Court of Common Pleas of Schuylkill County
Domestic Relations Division at No. 50803

BEFORE:  PANELLA, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 07, 2018**

J.L.B. appeals ***pro se*** from the August 18, 2017 order entered in the Court of Common Pleas of Schuylkill County that dismissed and denied his exceptions "filed to the hearing officer's report dated June 23, 2017 and order of court of same date . . . which order dismissed and denied [appellant's] petition to modify the support order of September 26, 2016."[1]  We dismiss this appeal.

In reviewing appellant's brief, we note that appellant fails to set forth the order on appeal.  Additionally, although appellant includes a "statement of [s]cope and standard of view [sic]," appellant contends that "[t]he [s]cope of review in this case conflicts with the facts" in that appellant does not have

---

[1] Unnecessary capitalization omitted.

a current Pennsylvania pesticides license.  Appellant sets forth the following statement of question involved:

> How may the lower court judges agree the child support payment is wrong, and over look [sic] the criminal act of [e]xtortion / exaction that is a felony offence [sic] with the use of [f]ederal [m]ail system. [sic]  (that offence [sic] carries up too [sic] a 20 year jail sentence [sic], and it's a felony crime for a judge not too [sic] report a felony crime?

Appellant's brief at 1.

Moreover, appellant's summary of the argument states that the order from which appellant appeals from does not comply with the Department of Labor's requirements.  Appellant's seven-sentence argument is incomprehensible and fails to include citations to legal authority and record citations.  Additionally, appellant fails to include a short conclusion stating the precise relief sought, but, rather, includes a section entitled "[t]ransfer interrupted."  As this court has stated, where, as here, "a court has to guess what issues an appellant is appealing, that is not enough for meaningful review."  **Jones v. Jones**, 878 A.2d 86, 89 (Pa.Super. 2005) (citation omitted).

Although we are mindful that appellant is proceeding **pro se**, his choice to do so does not relieve him of his responsibility to properly raise and develop appealable claims.  **See Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa.Super. 1996).  Moreover, this court will not act as appellant's counsel.  **See id.**  Accordingly, because the substantial defects in appellant's brief

J. A15037/18

preclude us from conducting any meaningful judicial review, we dismiss this appeal.  *See* Pa.R.A.P. Rule 2101; *see also Smathers*, 670 A.2d at 1160-1161.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/07/2018