J-S49032-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| T.A.R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.B. | : | No. 625 WDA 2020 |

Appeal from the Order Dated May 22, 2020
in the Court of Common Pleas of Crawford County Civil Division at No(s):
F.D. 2017-173 MDS

BEFORE:    OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    FILED DECEMBER 28, 2020

Appellant, T.A.R. ("Father"), appeals pro se from the order dated and entered May 22, 2020, in the Crawford County Court of Common Pleas, awarding him and M.B. ("Mother") shared legal custody and Mother primary physical custody of their male child, G.B., born in March 2017 ("Child").   After a careful review, we affirm.

The relevant facts and procedural history are as follows:  Subsequent to a de novo hearing on May 11, 2020, at which both Mother and Father were present and represented by counsel, by order dated and entered May 22, 2020, the court awarded Mother and Father shared legal custody of Child.  The court further granted Mother primary physical custody subject to Father's

_____

[*] Former Justice specially assigned to the Superior Court.

physical custody every Sunday from 1:00 p.m. to 5:00 p.m.  Among other things, the court ordered that Father obtain a drug and alcohol assessment as well as a mental health assessment.

Immediately thereafter, on May 22, 2020, Father filed a notice of appeal pro se.  Father failed to include a contemporaneous concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b), although he did include reference to general issues raised on appeal within his notice of appeal.  Pursuant to order dated July 1, 2020, and entered July 2, 2020, the trial court ordered Father to file a concise statement within twenty-one days.  Father complied and filed a Statement of Issues on Appeal on July 17, 2020.[1]  On July 20, 2020 the trial court filed an Opinion in response to Father's Statement of Issues on Appeal.

Initially, prior to addressing the merits of any appellate issues presented by Father, we must determine whether the issues have been properly preserved for our review.  See Commonwealth v. Wholaver, 588 Pa. 218,

_____

[1] Although Father violated Pa.R.A.P. 1925(a)(2)(i) by failing to file a concise statement of errors complained of on appeal concurrently with his notice of appeal, Father complied with the trial court's subsequent order, and there is no assertion of any prejudice.  Accordingly, we accept his statement.  See In re K.T.E.L., 983 A.2d 745, 747 (Pa.Super. 2009) (holding that failure to file a Rule 1925(b) statement concurrently with a children's fast track appeal is considered a defective notice of appeal, to be disposed of on a case by case basis, but did not result in dismissal or quashal where there was no prejudice to the other parties as a result of the late filing).

903 A.2d 1178 (2006). We note Mother contends Father has waived all appellate issues due to the deficiencies in his appellate brief.

Pennsylvania Rule of Appellate Procedure 2111 relevantly provides the following:

Rule 2111. Brief of the Appellant

(a) General rule.--The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111 (bold in original).

In the case sub judice, we conclude Father's appellate brief is wholly deficient and prevents meaningful appellate review. Significantly, Father's

brief does not contain any of the requirements set forth in Pa.R.A.P. 2111. Instead, Father's brief consists of a four-page, stream-of-consciousness "argument" comprised of bald assertions devoid of any organizational headings. Father's brief also does not contain any pertinent citation of authorities, discussion thereof, or any references to the record. See Pa.R.A.P. 2119.

This Court has held that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review that claim is waived." In re W.H., 25 A.3d 330, 339 n.3 (Pa.Super. 2011) (quotation marks and quotation omitted). In the case sub judice, Father's appellate brief is wholly deficient and prevents meaningful appellate review; accordingly, we find all of his issues to be waived.

We recognize that Father is proceeding pro se in this matter.

> While this Court is willing to liberally construe materials filed by a pro se litigant, we note that [an] appellant is not entitled to any particular advantage because [he] lacks legal training. As our [S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.

Smathers v. Smathers, 670 A.2d 1159, 1160 (Pa.Super. 1996) (quotation marks and quotation omitted).

Accordingly, for the foregoing reasons, we conclude Father has waived all issues on appeal. We, therefore, affirm the order of the trial court on this basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/28/2020