J-S55001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DIANESE CONNOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COREY L. HARRIS | : | |
| | : | |
| Appellant | : | No. 643 WDA 2020 |

Appeal from the Order Entered June 11, 2020
In the Court of Common Pleas of Erie County Domestic Relations at
No(s):  NS201001541

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: APRIL 9, 2021**

Corey L. Harris ("Father") appeals *pro se* from the order that ratified an interim child support order that denied his motion to modify his monthly child support obligation of $457.71 plus $45.00 arrears for his daughter.  We affirm.

On September 2010, Dianese Conner ("Mother") filed a complaint for support in relation to the child, who was born in August 2010.  For several years, Father had no child support obligation because he was deemed to have zero earning capacity.  However, as of the time of the petition that is the genesis of this appeal, Father's monthly child support obligation was determined to be $457.71, based upon his net monthly oncome of $1,990.57. On June 29, 2020, Father filed a petition for modification, alleging a loss of

_____

[*] Retired Senior Judge assigned to the Superior Court.

income and complaining that Mother does not permit him to contact his daughter. Following an evidentiary hearing before a conference officer, the trial court entered an interim order denying Father's motion for modification. Father filed a timely request for a *de novo* hearing, and following argument on June 9, 2020, the trial court entered the above-referenced order adopting the interim order denying Father's petition for modification.

This timely appeal followed. The trial court did not order Father to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925.

At the outset, we note that Father has waived all appellate issues due to the deficiencies in his appellate brief. Pursuant to Pa.R.A.P. 2111(a),

> The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:
>
> (1) Statement of jurisdiction.
>
> (2) Order or other determination in question.
>
> (3) Statement of both the scope of review and the standard of review.
>
> (4) Statement of the questions involved.
>
> (5) Statement of the case.
>
> (6) Summary of argument.
>
> (7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.
>
> (8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111.

Father's brief is wholly deficient insofar as he does not include any of the requirements set forth in Pa.R.A.P. 2111 and he makes nonsensical allegations concerning, *inter alia*, gender discrimination, kickback schemes, illegal conspiracies, and civil rights violations by the trial court, whom Father asserts illegally represented the plaintiff. **See** Father's brief at 1-3. As the substantial deficiencies in Father's brief prevent meaningful appellate review, the appeal is subject to being quashed or dismissed pursuant to Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.").

Critically, however, Father's brief also lacks any distinct legal argument, citation to authorities, or references to the record pursuant to Pa.R.A.P. 2119(a)-(c). As we previously explained, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review that claim is waived." **In re W.H.**, 25 A.3d 330, 339 n.3 (Pa.Super. 2011). Accordingly,

- 3 -

to the extent that we can fashion a lucid claim from Father's brief, that contention is waived.

Although we recognize that Father is proceeding *pro se* in this matter, his status as a *pro se* litigant does not alter our determination or relieve him of his responsibility to properly raise and develop appealable claims. As we reiterated in **Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa.Super. 1996) (cleaned up),

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because he lacks legal training. As our Supreme Court has explained, any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

Accordingly, for the foregoing reasons, we conclude Father has waived all issues on appeal. As Father failed to establish any basis to disturb the child support order, no relief is due.

Order affirmed.

Judge Colins joins the memorandum.

Judge McCaffery concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/2021

- 4 -