J-A08035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| INDIANA COUNTY CHILDREN AND YOUTH SERVICES | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC RODERICK FISHER | : | |
| | : | No. 1147 WDA 2021 |
| Appellant | : | |

Appeal from the Order Entered June 16, 2021
In the Court of Common Pleas of Indiana County Domestic Relations at
No(s): 2020-00096

BEFORE: BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED: APRIL 19, 2022**

Eric Roderick Fisher (Appellant) appeals *pro se* from the order entered in the Indiana County Court of Common Pleas, denying his exceptions to a child support order, which obligates him to pay $383 per month in support, plus $65 per month in arrears, to Indiana County Children and Youth Services (CYS) for the support of his son (J.F.) born in November of 2005. On appeal, Appellant argues CYS improperly took J.F. from his care, and therefore, should not be permitted to seek child support. He also maintains Indiana County does not have jurisdiction over this matter. We affirm.

We glean the following facts and procedural history from the limited certified record before us. On June 1, 2020, CYS filed a complaint seeking child support from Appellant on behalf of J.F. *See* Pa.R.C.P. 1910.3(a)(4) (child support action may be brought "by a public body or private agency

having an interest in the case, maintenance or assistance of a person to whom a duty of support is owing"). Following an office conference, a support order was entered on September 1, 2020,[1] directing Appellant to pay $397 per month for support, plus $65 per month for arrears, effective May 27, 2020. *See* Order, 9/1/20. Appellant requested a *de novo* hearing, which was held on January 12, 2021, before a Permanent Hearing Officer (PHO), who subsequently issued findings and a recommendation. On March 22, 2021, the trial court entered the PHO's recommendation as an order of court. The order directed Appellant to pay $383 per month in child support, plus $65 per month in arrears. *See* Order, 3/22/21.

Appellant filed exceptions to the order; however, those exceptions are not included in either the certified record or Appellant's reproduced record. On June 17, 2021,[2] the trial court entered the following order:

> AND NOW, this 16th day of June 2021, this matter having come before the Court on the Exceptions filed by [Appellant], and the Court having heard oral argument thereon, the Court finds as follows:
>
> 1. [Appellant] filed Exceptions on May 3, 2021. The basis for [Appellant's] Exceptions is that [CYS] illegally took his son from him.
>
> 2. [Appellant] makes no allegations that his income was calculated incorrectly. He merely argues that his son is

---

[1] The order was dated August 31, 2020, but copies were sent to the parties the next day, September 1, 2020.

[2] The order is dated June 16, 2021, but was not sent to the parties until the following day, June 17, 2021.

not a dependent child, and, therefore, he should not be responsible to pay child support as ordered.

3. It is noted that the Court scheduled and held oral argument on [Appellant's] Exceptions, however, [Appellant] failed to appeal.

WHEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED that [Appellant's] Exceptions are DENIED.

Order, 6/17/21.

On July 8, 2021, Appellant filed a notice of appeal, which also asserted several bases for his appeal — namely, that he "never received a summons to appear after filing exceptions[;]" CYS took his child illegally; "J.F. is not a dependent child[;]" and his income was "calculated incorrectly." Appellant's Notice of Appeal, 7/8/21, at 1-2 (unpaginated). Thereafter, on July 21, 2021, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and filed a concise statement raising the following claims:

1. The initiation of emergency protocol leading to removal of minor.

2. The return of minor, after initial case closure.

3. The appendage of responsibility removed from medical doctor.

4. Proof of needed dependency.

5. Proof of intent to cause harm.

6. Acknowledgment of the minors [sic] age, reguarding [sic] the participation in court proceedings.

7. The calculation of earnings, and exceptions.

8. The re-establishment of custody.

Appellant's Concise Statement of Matters Complained of on Appeal, 8/10/21.

Preliminarily, we note that Appellant's *pro se* brief fails to conform in material respects with the Pennsylvania Rules of Appellate Procedure.[3] ***See*** Pa.R.A.P. 2111(a). Specifically, his brief lacks a statement of jurisdiction, reference to the order or other determination in question, statement of the questions involved, and a summary of the argument. ***See*** Pa.R.A.P. 2114, 2115(a), 2116(a), 2118.

Although this Court is willing to construe briefs filed by a *pro se* litigant liberally,

> we note that appellant is not entitled to any particular advantage because [ ]he lacks legal training. As our supreme court has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.

***Smathers v. Smathers***, 670 A.2d 1159, 1160 (Pa. Super. 1996) (citation and internal quotation marks omitted). Furthermore, this Court

> will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

***In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012) (citations omitted).

In the case before us, of particular concern is Appellant's failure to include a copy of the order on appeal and a statement of the questions involved. Indeed, in this Statement of the Case, Appellant purports that this is a "**consolidated appeal from the final orders** of the district court

---

[3] CYS did not file a responsive appellee's brief before this Court.

**dismissing two related cases** arising from the same factual circumstances and involving the same parties[.]" Appellant's Brief at 2 (emphasis added). However, the **only order** on appeal is the trial court's June 17, 2021, order denying Appellant's exceptions to its March 22nd child support order. Nevertheless, as is evident from Appellant's argument, he also seeks to appeal the decision in the child dependency action which removed J.F. from his home — an issue that was not before the trial court at this docket.

Moreover, with regard to Appellant's failure to include a statement of the questions involved, we emphasize:

> [T]he omission of a statement of questions presented is particularly grievous since the statement . . . defines the specific issues this court is asked to review. When the omission of the statement of questions presented is combined with the lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review.

*Smathers*, 670 A.2d at 1160 (citations omitted). Here, the lack of a statement of question is exacerbated by Appellant's rambling, disjointed argument, which focuses primarily on claims not properly before us. However, because we are able to discern Appellant's challenge to the support order, we decline to quash this appeal for briefing defects.

As noted *supra*, the majority of Appellant's brief is devoted to his assertion that J.F. should not have been removed from his care by CYS. *See* Appellant's Brief at 5-11 (contending (1) there was no evidence to support allegations prompting CYS investigation; (2) CYS did not try to keep J.F. in home; (3) CYS ignored J.F.'s request to live with his mother; and (4)

Appellant's landlord conspired with CYS to place J.F. in foster home). However, the only issue before the trial court in the matter *sub judice* was child support. As the trial court cogently explained in its opinion,

> [Appellant] sets forth eight issues in his Concise Statement of Matters Complained of on Appeal; it appears that only item 7 makes reference to the Domestic Relations matter. All other matters pertain to this Court's finding of dependency in the Children and Youth Services matter.

Trial Ct. Op., 9/7/21, at 1. The issues relating to J.F.'s dependency — the basis for his removal from Appellant's home and delayed reunification — were not before the court in this matter and are not proper issues for appeal. Thus, we will not address any claim related to the alleged improper removal of J.F. from Appellant's home.

The only issues Appellant presents in his brief that arguably challenge the trial court's support order are: (1) CYS would not have been able to seek child support if J.F. "had not been taken in the first place or even returned when [the] investigation report [was] unfounded[;]" and (2) improper jurisdiction because, Appellant alleges, J.F. moved to Blair County for "over a year and a half[,]" J.F.'s mother does not live in Indiana County, and Appellant "will have been in Westmoreland [C]ounty for 6 months." Appellant's Brief at 7, 11.

> Our review of a child support order is well established:
>
> Appellate review of support matters is governed by an abuse of discretion standard. When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. An abuse of discretion is [n]ot merely an error of judgment, but if in reaching

- 6 -

a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record. The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses.

***J.P.D. v. W.E.D.***, 114 A.3d 887, 889 (Pa. Super. 2015) (citation omitted).

Neither of Appellant's arguments concerning the child support award warrant relief. First, his challenge based upon CYS's actions in removing and failing to return J.F. again implicates the dependency action, not the instant child support action. Appellant makes no claim that CYS was not entitled to seek child support under Rule 1910.3(a)(4), or that the amount of the award was improperly calculated.[4] Indeed, this argument is merely a rehash of his claims that J.F. should not have been removed from his home — a claim that properly challenges the dependency order.

Appellant's alleged jurisdictional challenge also fails. The record before us contains no documentation or information supporting Appellant's assertion that he, J.F., and J.F.'s biological mother (who is not a party to this appeal)

---

[4] We note that, in his earlier filings, Appellant included two additional claims which implicated the support order. In his Rule 1925(b) statement, Appellant included a general claim challenging the court's "calculation of earnings[,]" and in his notice of appeal, Appellant asserted he "never received a summons to appear after filing exceptions[.]" ***See*** Appellant's Concise Statement of Matters Complained of on Appeal; Appellant's Notice of Appeal at 1. Appellant did not raise either of these claims in his brief. Accordingly, they are waived for our review. ***See In re W.H.***, 25 A.3d 330, 339 n.3 (Pa. Super. 2011) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation and quotation marks omitted).

all live outside of Indiana County. Indeed, the address Appellant provided on his notice of appeal, his certificate of service attached to his Rule 1925(b) statement, and his appellate brief, is in Blairsville, Pennsylvania, a borough in Indiana County. Thus, Appellant's unsupported claim regarding the trial court's jurisdiction is specious.

Because Appellant has failed to present any argument concerning the propriety of the trial court's child support calculation, we affirm the court's June 16, 2021, order denying Appellant's exceptions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2022