J-S38030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SIMEON ROBINSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EINSTEIN HEALTHCARE NETWORK, | : | No. 494 EDA 2025 |
| ALBERT EINSTEIN MEDICAL CENTER, | : | |
| AND KETLENE DESTIN | : | |

Appeal from the Order Entered January 17, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230701139

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.: **FILED DECEMBER 9, 2025**

Appellant, Simeon Robinson, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his request to open a judgment of *non pros*. We dismiss the appeal.

The relevant facts and procedural history of this matter are as follows. On July 10, 2023, Appellant filed a *pro se* complaint raising counts of medical negligence and lack of informed consent related to injuries Appellant claimed occurred after a blood draw at Einstein Hospital on July 9, 2021. On August 14, 2023, Einstein Healthcare Network, d/b/a Albert Einstein Medical Center, and Ketlene Destin ("Appellees") filed preliminary objections. On November 22, 2023, the court sustained the preliminary objections and dismissed Appellant's complaint without prejudice.

On January 10, 2024, Appellant filed a *pro se* amended complaint; on January 29, 2024, Appellees filed preliminary objections to the amended complaint. On February 26, 2024, Appellant filed a *pro se* second amended complaint. On March 7, 2024, Appellees filed preliminary objections to the second amended complaint. On April 2, 2024, the court sustained the preliminary objections to the **first** amended complaint and dismissed it without prejudice.

On March 29, 2024, Appellant filed a *pro se* motion to amend. On May 13, 2024, the court sustained the preliminary objections to the **second** amended complaint and dismissed the complaint without prejudice. On June 25, 2024, the court denied Appellant's motion to amend.

On July 12, 2024, the court vacated its June 25, 2024 order, deeming the motion to amend to be moot; that same day, Appellees filed a motion seeking a judgment of *non pros*. On October 2, 2024, the court granted Appellees' motion for judgment of *non pros*. On October 15, 2024, Appellant filed a *pro se* petition seeking to open the judgment.

On January 17, 2025, the court denied Appellant's petition to open judgment. On January 21, 2025, the court gave Appellant notice of the order pursuant to Pa.R.C.P. 236. On February 19, 2025, Appellant timely filed a *pro se* notice of appeal. On March 5, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On March 26, 2025, Appellant timely complied.

Preliminarily, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.* Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (some internal citations omitted), *overruled in part on other grounds by In re Ajaj*, ___ Pa. ___, ___, 288 A.3d 94, 109 (2023). *See also* Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief). As well, "[t]his Court will not act as counsel" for an appellant who has not substantially complied with the Rules of Appellate Procedure. *Bombar v. West American Ins. Co.,* 932 A.2d 78, 93 (Pa.Super. 2007).

Instantly, Appellant's brief is deficient for several reasons. Initially, Appellant raises eight issues—some including sub issues—in his statement of questions involved. (*See* Appellant's Brief at 15-22). Appellant then lists a "procedural history" of the matter as well as a "condensed chronological statement," which appears to include argumentative questions. (*See id.* at 23-29). Thereafter, the "argument" section begins by listing only four questions. (*Id.* at 32-33). The remainder of the argument section is not divided into separate sections devoted to each issue in the statement of

questions presented and it consists of overlapping and rambling arguments, many of which incorrectly state the controlling legal authorities or cite no pertinent legal authority at all. (*Id.* at 34-41).

These briefing defects run afoul of our Rules of Appellate Procedure. *See* Pa.R.A.P. 2111(a) (discussing required content of appellate briefs); Pa.R.A.P. 2119(a) (stating argument shall be divided into as many parts as there are questions to be argued followed by such discussion and citation of authorities as are deemed pertinent). *See also Smathers v. Smathers*, 670 A.2d 1159 (Pa.Super. 1996) (stating noncompliance with Rule 2116 concerning statement of questions involved is particularly grievous because statement of questions involved defines specific issues for review).

Further, the Rules of Appellate procedure provide:

> **Rule 2135. Length of Briefs**
>
> **(a) General Rule.** Unless otherwise ordered by an appellate court:
>
> (1) A principal brief shall not exceed 14,000 words and a reply brief shall not exceed 7,000 words, except as stated in subdivisions (a)(2)-(a)(4). A party shall file a certificate of compliance with the word count limit if the principal brief is longer than 30 pages or the reply brief is longer than 15 pages when prepared on a word processor or typewriter.
>
> \* \* \*
>
> **(d) Certificate of Compliance.** Any brief in excess of the stated page limits shall include a certification that the brief complies with the word count limits. The certificate may be based on the word count of the word processing system used to prepare the brief.

Pa.R.A.P. 2135.

Here, Appellant's brief consists of 41 pages as well as attachments. Appellant has not included a certification that the brief complies with the word count limits provided by the rules. **See** Pa.R.A.P. 2135(d). The cumulative effect of Appellant's substantial briefing defects impedes our appellate review, warranting suppression of Appellant's brief and dismissal of the appeal. **See Bombar, supra**. Thus, we suppress Appellant's brief and dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/9/2025