J-A03010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NICOLA ARGENTINA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOANNE RENZI, CHRISTOPHER | : | |
| MAURO, JOSPEH RENZI, JR., | : | |
| FITNESS WORKS PHILADELPHIA | : | |
| | : | No. 703 EDA 2017 |
| Appellees | | |

Appeal from the Order Dated January 18, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  February Term, 2016 No. 160201916

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED JANUARY 25, 2018**

Appellant, Mr. Nicola Argentina, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, marking this matter as settled and removing it from the trial list.  On October 5, 2015, Appellant filed a *pro se* complaint in Municipal Court against Appellees Fitness Works Philadelphia ("FWP"), Joanne Renzi (FWP's owner), Christopher Mauro (FWP's manager), and Joseph Renzi, Jr. (Ms. Renzi's son), alleging claims of negligent infliction of emotional distress and breach of contract regarding "bullying" and other mistreatment Appellant received at FWP in 2013.[1]  On

---

[1] Specifically, Appellant complained another gym member had prevented Appellant from sitting in a chair by refusing to remove a water bottle from
*(Footnote Continued Next Page)*

---

*   Retired Senior Judge assigned to the Superior Court.

January 13, 2016, the Municipal Court dismissed the case. Appellant filed a notice of appeal in the Court of Common Pleas on February 12, 2016. The case proceeded to compulsory arbitration on July 20, 2016. The arbitrators found in favor of Appellant and against FWP and awarded him $100.00 plus costs, totaling $428.48. The arbitrators found in favor of the individual defendants. Appellant timely filed a notice of appeal to the Court of Common Pleas on August 18, 2016.

On January 17, 2017, the parties settled the case. By order dated January 18, 2017, and entered on the docket with Pa.R.C.P. 236 notice sent on January 23, 2017, the court marked the case settled and removed it from the trial list. Appellant filed a *pro se* notice of appeal on February 22, 2017.[2] On March 31, 2017, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal; Appellant did not comply.

Preliminarily, we recognize:

> [A]ppellate briefs and reproduced records must materially

*(Footnote Continued)* _____

the chair. Apparently, FWP management provided another chair for Appellant but Appellant was dissatisfied because the location of the second chair interfered with Appellant's access to the sauna.

[2] In its opinion, the trial court states Appellant did not file a notice of appeal within 30 days, where the order on appeal is dated January 18, 2017. Nevertheless, the 30-day appeal period commenced from the date the order was entered on the docket with Rule 236 notice sent to the parties, which was January 23, 2017. *See* Pa.R.A.P. 108(b) (stating date of entry of order in matter subject to Pennsylvania Rules of Civil Procedure shall be date on which clerk makes notation in docket that notice of entry of order has been given per Rule 236).

> conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **Id.** Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

**In re Ullman**, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (some internal citations omitted). **See also** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief). Here, Appellant's "brief" on appeal is completely inadequate, lacking the necessary statement of jurisdiction, relevant scope and standard of review, statement of questions presented, and any coherent argument section with citation to relevant authority. **See** Pa.R.A.P. 2111(a) (discussing required content of appellate briefs). **See also Smathers v. Smathers**, 670 A.2d 1159 (Pa.Super. 1996) (stating noncompliance with Rule 2116 is particularly grievous because statement of questions involved defines specific issues for review). Appellant provides no cogent legal arguments or relevant authority to support his claims.[3] **See** Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections

---

[3] Additionally, the certified record is full of irrelevant political newspaper articles and extraneous documents which mention Appellant, some are 20 years old, and have absolutely nothing to do with this case.

as there are questions presented, followed by discussion with citation to relevant legal authority). These substantial defects preclude meaningful review, warranting suppression of Appellant's brief and dismissal of the appeal.[4] **See In re Ullman, supra**; Pa.R.A.P. 2101. Accordingly, we suppress Appellant's brief and dismiss his appeal. Further, the certified record confirms Appellant did not comply with the court's Rule 1925(b) order. **See Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224-25 (Pa.Super. 2014) (*en banc*) (holding failure to comply with Rule 1925(b) order in civil cases constitutes automatic waiver of issues raised on appeal).

Appeal dismissed. Case is stricken from the argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/18

---

[4] Moreover, the court's order marking this case as settled expressly states: "The court having been advised that the within case has been settled, the case shall be so marked on the docket and removed from the applicable list and inventory of pending cases. … This case may be restored to the trial list only upon written order of the team/program leader. This relief shall be requested by formal motion." (Order, filed 1/23/17, at 1). Significantly, Appellant failed to file any formal restoration motion. Consequently, Appellant waived his opportunity to challenge the settlement.