J. A12035/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS WASHINGTON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 3862 EDA 2017 |
| JETWAY TRANSPORTATION, | : | |
| D/B/A MAINLINE TAXI | : | |

Appeal from the Order Entered October 24, 2017,
in the Court of Common Pleas of Montgomery County
Civil Division at No. 2016-26719

BEFORE:  BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:          **FILED MAY 04, 2018**

Thomas Washington appeals ***pro se*** from the October 24, 2017 order entered in the Court of Common Pleas of Montgomery County that dismissed his complaint against Jetway Transportation, d/b/a Mainline Taxi, with prejudice due to appellant's failure to comply with the trial court's previous order that directed him to file an amended complaint in compliance with Pa.R.Civ.P. 1028.  We dismiss this appeal.

In reviewing appellant's brief, we are unable to discern the issue or issues that appellant wishes this court to review because appellant has failed to include a statement of questions involved.  We have recognized that the omission of a statement of questions involved is "particularly grievous since the statement . . . defines the specific issues this court is asked to review."

*Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa.Super. 1996), quoting *Commonwealth v. Maris*, 629 A.2d 1014, 1016 (Pa.Super. 1993). "When the omission of the statement of questions [involved] is combined with the lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review." *Smathers*, 670 A.2d at 1160.

Here, appellant's brief contains a statement of jurisdiction that merely lists various rules of court. Appellant's brief also contains a page titled "order or other determination in question," but that page fails to set forth the order on appeal and merely lists various docket entries and rules of court. Appellant's brief fails to include a statement of both the scope and standard of review. Appellant's brief does include a statement of the case, but the statement merely lists docket entries and also sets forth two allegations that are not relevant to the factual or procedural history of this case. Appellant's summary of the argument sets forth an outline that fails to summarize appellant's position as to why the trial court erred when it dismissed his complaint with prejudice. Likewise, appellant's argument fails to set forth any argument as to why the trial court erred when it entered the order from which appellant now appeals. Appellant's argument also fails to include any relevant citation to legal authority. In that eight-sentence argument, appellant seems to complain that the trial court failed to follow local rules of court with respect to case management and a settlement conference. Notwithstanding the fact

that appellant's seeming argument bears no relation to the order from which he now appeals, "[w]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." ***Jones v. Jones***, 878 A.2d 86, 89 (Pa.Super. 2005) (citation omitted). Finally, appellant's brief fails to include a short conclusion stating the precise relief that appellant seeks. Clearly, not only does appellant's brief lack any organized and developed arguments, it also fails to comply with the requirements set forth in Pa.R.A.P. 2111.

Although we are mindful that appellant is proceeding ***pro se***, his choice to do so does not relieve him of his responsibility to properly raise and develop appealable claims. ***See Smathers***, 670 A.2d at 1160. Moreover, this court will not act as appellant's counsel. ***See id.*** Accordingly, because the substantial defects in appellant's brief preclude us from conducting any meaningful judicial review, we dismiss this appeal. ***See*** Pa.R.A.P. Rule 2101; ***see also Smathers***, 670 A.2d at 1160-1161.

Appeal dismissed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date:5/4/18