J. A15042/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
         :            PENNSYLVANIA
         v.        :
         :
RONALD LEE SHEETZ,      :        No. 1961 MDA 2017
         :
         Appellant     :

Appeal from the PCRA Order, November 17, 2017,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0000946-2016

BEFORE:  PANELLA, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:      **FILED JUNE 04, 2018**

Ronald Lee Sheetz appeals ***pro se*** from the November 17, 2017 order entered in the Court of Common Pleas of Lancaster County that dismissed his petition filed pursuant to the Post-Conviction Relief Act[1] ("PCRA") and permitted PCRA counsel to withdraw.  We dismiss this appeal.

In reviewing appellant's brief, we are unable to discern the issue or issues that appellant wishes this court to review because appellant has failed to include a statement of questions involved.  We have recognized that the omission of a statement of questions involved is "particularly grievous since the statement . . . defines the specific issues this court is asked to review." ***Smathers v. Smathers***, 670 A.2d 1159, 1160 (Pa.Super. 1996), quoting

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

*Commonwealth v. Maris*, 629 A.2d 1014, 1016 (Pa.Super. 1993). "When the omission of the statement of questions [involved] is combined with the lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review." *Smathers*, 670 A.2d at 1160.

Additionally, appellant's brief entirely fails to comply with Pa.R.A.P. 2111, as it fails to include a statement of jurisdiction, the order in question, both the scope and the standard of review, a statement of the case, a summary of the argument, a short conclusion of the precise relief sought, and the PCRA court's opinion. Appellant's brief consists of three handwritten pages of complaints lodged against his plea counsel and the Lancaster County District Attorney's Office. To the extent that appellant attempts to raise ineffective assistance of counsel claims against plea counsel, appellant entirely fails to plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) plea counsel's action or inaction lacked any reasonable basis designed to effectuate appellant's interest; and (3) plea counsel's action or inaction resulted in prejudice to petitioner. *See Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015) (citations omitted) (reiterating a PCRA petitioner's burden when raising an ineffectiveness of counsel claim). Appellant also fails to include citations to legal authority and record citations. As this court has stated, "[w]hen a court has to guess what

J. A15042/18

issues an appellant is appealing, that is not enough for meaningful review."

***Jones v. Jones***, 878 A.2d 86, 89 (Pa.Super. 2005) (citation omitted).

Although we are mindful that appellant is proceeding ***pro se***, his choice to do so does not relieve him of his responsibility to properly raise and develop appealable claims. ***See Smathers***, 670 A.2d at 1160. Moreover, this court will not act as appellant's counsel. ***See id.*** Accordingly, because the substantial defects in appellant's brief preclude us from conducting any meaningful judicial review, we dismiss this appeal. ***See*** Pa.R.A.P. Rule 2101; ***see also Smathers***, 670 A.2d at 1160-1161.

Appeal dismissed.[2]

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/04/2018

---

[2] The Commonwealth's application to quash is denied as moot.

- 3 -