J-A15029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON LEE BROWN | : | |
| | : | |
| Appellant | : | No. 59 MDA 2018 |

Appeal from the Judgment of Sentence December 11, 2017
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000979-2017

BEFORE: PANELLA, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY MURRAY, J.: **FILED JUNE 11, 2018**

Jason Lee Brown (Appellant) appeals *pro se* from the judgment of sentence imposed after a jury convicted him of two counts of harassment[1] of his estranged wife,[2] and sentenced him to an aggregate 12 months of probation. Upon review, we dismiss this appeal.

_____

[1] 18 Pa.C.S.A. §§ 2709(a)(2) and (7).

[2] The trial court explained that Appellant "has followed her, repeatedly engaged in a course of conduct which serves no legitimate purpose, [and] communicated lewd threatening words at extremely inconvenient hours all of which constitute the crime of Harassment." Trial Court Opinion, 1/9/18, at 3. The trial court stated that at sentencing, Appellant "complained again about the Custody situation and asked the Court to dismiss the charges which request the Court Denied." *Id.*

In his brief, Appellant has failed to present a cogent legal argument. Appellant states his issue as follows:

> The courts of common pleas of Schuykill County have placed child custody order's in our lives, [y]et when [Appellant] tries to[] be involved with [his wife], in matters of well-being of the child, she creates a hostile [e]nvironment, and calls the police on [Appellant], ending in the results of what is brought before the Superior [] Court. I understand this is not a child custody case, but it is the foundation [upon which] the charges are fabricated [u]pon.

Appellant's Brief at 2. In the succeeding five pages, Appellant sets forth a rambling discourse detailing his relationship with his estranged wife and the couple's conflicts concerning their minor child. Appellant fails to engage in any legal analysis and his brief contains no citation to legal authority. The final page of Appellant's brief contains a "Summary of the Argument" which reads:

> I had no intent to [h]arass, annoy, cause alarm, or distress [my wife], nor did I follow her with intent to[] do what they are trying to[] make me out to look like. . . . [My daughter] gets used as a p[aw]n against me, I stated that in a[n] earlier trial for custody. . . . The custody order states we can make other arrangements between ourselves, and that we are supposed [to] discuss matters of the child directly. This is all just part of them trying to[] diminish our relationship, and det[e]r us from having a healthy relationship.

*Id.* at 8.

In sum, Appellant's brief is simply a personal narrative which fails to conform to the requirements of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2101, 2111, 2118, 2119. Although Appellant is *pro se*, his status does not relieve him of his duty to properly raise and develop an

appealable claim.  ***Smathers v. Smathers***, 670 A.2d 1159, 1160 (Pa. Super.

1996).  This Court has stated:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure.  This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure.  Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant.  To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***In re Ullman***, 995 A.2d 1207, 1211-1212 (Pa. Super. 2010) (citations

omitted), ***appeal denied***, 20 A.3d 489 (Pa. 2011).  Based on the foregoing,

we dismiss Appellant's appeal.

Appeal dismissed.  Case stricken from the June 20, 2018 argument list.

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/11/2018