J-A11036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| YOUB KIM | : | |
| | : | |
| Appellant | : | No. 1796 MDA 2017 |

Appeal from the Judgment of Sentence October 16, 2017
in the Court of Common Pleas of Clinton County
Criminal Division at No.:  CP-18-SA-0000019-2017

BEFORE:   STABILE, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED JULY 19, 2018**

Appellant, Youb Kim, appeals *pro se* from the judgment of sentence entered following her summary conviction for failing to move over while passing an emergency response area.[1]  We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's December 28, 2017 opinion. On May 16, 2017, Pennsylvania State Police Trooper Andrew W. Adams issued a citation to Appellant for passing an emergency response area in the lane adjacent to the area when the other lane was available.  On June 14, 2017, a magisterial district judge found Appellant guilty and fined her $250.00 plus costs.  On July 11, 2017, Appellant filed a notice of summary appeal.

_____

[1] 75 Pa.C.S.A. § 3327(a)(1).

_____

*   Retired Senior Judge assigned to the Superior Court.

During the summary appeal hearing, Trooper Adams testified that, on the date of the incident, he was assisting a fellow officer with a traffic stop of a semi-truck and trailer on the right side berm of I-80 eastbound. (*See* Summary Appeal Hearing, 10/16/17, at 8-9). Both police vehicles had all emergency lights activated, and they were located at either end of the semi-truck and trailer. (*See id.* at 10). Trooper Adams explained that he observed Appellant's vehicle pass him in the right lane (the lane closest to his vehicle), and felt his car shake because her car was "right next to [him, and] passed within five feet of [his] vehicle." (*Id.* at 11). He testified that Appellant had room to move over into the left lane. Trooper Adams then pulled out behind Appellant and conducted a traffic stop, issuing her a citation for failing to move over. (*See id.* at 12-13).

Appellant stated that, after seeing the emergency vehicles on the side of the roadway, she slowed down to "almost below [twenty-five] miles per hour[;]" looked in her rearview mirror to see if she could "comfortably move over to the left lane" and determined that she did not feel comfortable moving over; and then "drove as close as [she] could to the left lane[.]" (*Id.* at 17). She also provided the court a schematic drawing illustrating the scene as she remembered it. (*See id.* at 18).

At the close of the hearing the court explained that it "received conflicting testimony today[, and] . . . resolve[d] all issues of the conflict in favor of Trooper Adams[.]" (*Id.* at 21). It reasoned that the schematic drawing provided by Appellant did not show any other vehicle in the left lane,

- 2 -

and concluded that she could have moved into the left lane if she had chosen.

(*See id.*). The court then found that Trooper Adams:

> [R]esponded to a code trooper's request regarding an emergency stop. He activated the emergency equipment by way of lighting on his cruiser. He was on the right berm behind the other emergency responded trooper. He stopped an 18-wheeler. His lights were activated, [the other trooper's] lights were activated. The trooper clearly observed [Appellant's] vehicle pass in the right lane closest to his vehicle. He could feel his car shake. The passing vehicle had no other traffic in the left lane and had the ability to move over and did not.

(*Id.* at 21-22). The court concluded that Appellant had violated section 3327(a)(1) of the vehicle code, and imposed a fine of fifty dollars plus costs. This instant appeal followed.[2]

Initially, we note that Appellant's brief fails to comply with the Rules of Appellate Procedure. Her brief includes three sections, which she describes as 1) "[s]tatement about the actions [she] took on May 16[, 2017], leading up to the traffic stop[;]" 2) "[r]ationale for challenging [trial] court's decision[;]" and 3) "[p]hotos of the road with [her] explanation[.]" (Appellant's Brief, at 4). She does not include a statement of jurisdiction, order in question, statement of scope and standard of review, statement of questions involved, or summary of argument. *See* Pa.R.A.P. 2111(a). "[T]he omission of a statement of questions presented is particularly grievous since the statement . . . defines the specific issues this [C]ourt is asked to review."

---

[2] Pursuant to the trial court's order, Appellant filed a concise statement of matters complained of on appeal on December 21, 2017. The trial court entered its opinion on December 28, 2017. *See* Pa.R.A.P. 1925(a).

*Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa. Super. 1996) (citation and internal quotation marks omitted).

We recognize that Appellant is proceeding *pro se* in her appeal.

Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005) (citations omitted).

Therefore, because of her failure to adhere to the Rules of Appellate procedure, this Court has the right to quash or dismiss Appellant's appeal pursuant to Pa.R.A.P. 2101. Despite this, "in the interest of justice we address the arguments that can reasonably be discerned from this defective brief."

*Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005).

Appellant states that she

would like [the] Superior Court's decision on if [she] complied with the law. Because [the trial] court discredited [her] statement about [her] car speed and other actions [she] took and sided with Trooper Adams, without considering [her] evidence, [she] raise[s] the question of law to the Superior Court of Pennsylvania.

(Appellant's Brief, at 12-13). It appears Appellant is claiming that the trial court erred when it determined that her testimony was incredible and that Trooper Adams's testimony was credible, and thus her conviction was against the weight of the evidence. This issue does not merit relief.

- 4 -

When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. . . .

. . . [I]t is well settled that the Court cannot substitute its judgment for that of the trier of fact. Further, the finder of fact was free to believe the testimony of certain of the Commonwealth's witnesses and to disbelieve the testimony of another. [I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony.

*Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010) (citations and quotation marks omitted.

Here, the fact finder found Trooper Adams's testimony, that Appellant failed to move her vehicle into the left lane while passing emergency responders on the right side of the highway, and that she could have safely done so, to be credible. (*See* N.T. Summary Appeal, at 21-22). It did not find credible Appellant's testimony that both lanes were full and she could not move over. (*See id.* at 17, 21-22). Because we may not disturb the fact finder's credibility in this regard, Appellant's claim fails.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/19/2018