J-A26034-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| S.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.G. | : | No. 237 WDA 2018 |

Appeal from the Order Entered January 22, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  FD-04-008741

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

JUDGMENT ORDER BY MURRAY, J.:          FILED OCTOBER 11, 2018

S.M. (Appellant) appeals pro se from the trial court's January 22, 2018 order dismissing his exceptions and adopting as a final order the hearing officer's report and recommendation regarding custody of the parties' 14 year old child.  Upon review, we dismiss the appeal.

The parties have been engaged in custody litigation since the birth of their child in 2004.  In this appeal, Appellant takes issue with the trial court's January 22, 2018 order adopting the hearing officer's report and recommendation.  The trial court determined that "all of the matters" raised by Appellant "constituted untimely objections to, or untimely 'Rebuttals' of, evidence adduced by the Hearing Officer."  Trial Court Opinion, 5/17/18, at 1 (noting that "Appellant also critiqued and objected to the details of the entire custody arrangement, both as it had existed up to that point and as it was modified by the Hearing Officer").  The trial court concluded:

Even giving due allowance for the difficulties faced by self-represented litigants such as Appellant in protracted custody proceedings, Appellant's litany of conclusory objections and criticisms failed to satisfy his burden of proving that the Hearing Officer committed any remediable error, omission, or abuse of discretion.

Id. at 2.

Likewise, in his appellate brief, Appellant has failed to present a cogent legal argument.[1] Appellant has not designated a statement of questions for this Court's review, and his lengthy but unpaginated argument does not cite any legal authority or provide any legal analysis. See Pa.R.A.P. 2111(a)(4), 2116(a), 2119(b). Appellant's argument is simply a personal account of the case which fails to conform to the requirements of the Pennsylvania Rules of Appellate Procedure. See Pa.R.A.P. 2101-2119.

We note that although Appellant is pro se, his status does not relieve him of his duty to properly raise and develop an appealable claim. Smathers v. Smathers, 670 A.2d 1159, 1160 (Pa. Super. 1996). This Court has stated:

[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

_____

[1] Appellee, M.G., who is also pro se, has not filed a reply brief.

- 2 -

In re Ullman, 995 A.2d 1207, 1211-1212 (Pa. Super. 2010) (citations omitted), appeal denied, 20 A.3d 489 (Pa. 2011). Accordingly, we dismiss the appeal.

Appeal dismissed. Case stricken from the October 31, 2018 argument list. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/11/2018