J. S84031/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

A.M., : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. :
: No. 2644 EDA 2018
E.P. :

Appeal from the Order Entered August 8, 2018,
in the Court of Common Pleas of Philadelphia County
Family Court Division at No. 0C1508606

BEFORE:  BENDER, P.J.E., OTT, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:    **FILED JANUARY 16, 2019**

A.M. ("Mother") appeals ***pro se*** from the August 8, 2018 order entered in the Court of Common Pleas of Philadelphia County that awarded primary physical custody of A.J.P. ("Child") to E.P. ("Father") during the school year; shared physical custody of the Child during the summer; and shared legal custody of the Child.  We dismiss this appeal.

The trial court set forth the following procedural history:

> On January 25, 2017 Father filed two petitions; one petition for contempt stating that Mother was keeping Child from him, and one petition to modify custody requesting primary physical custody of Child. On March 6, 2017 Father filed a petition for expedited relief stating again that Mother was in contempt of the current custody order and withholding Child from Father. The expedited petition was granted on June 16, 2017.  Father's custodial time was to resume at 6:00 pm that same day and Mother was informed she must comply with the

> custody schedule. Father's petition for contempt was heard September 26, 2017, and Mother was found in contempt for her willful failure to comply with the custody order in place at that time. No sanctions were imposed, a temporary order was entered by agreement of the parties, and Father's petition to modify custody was scheduled for a hearing on June 8, 2018. A hearing on Father's petition to modify custody, including a sealed *in camera* interview with Child was heard on June 8, 2018. The decision was held in abeyance and a final order was entered August 8, 2018. Mother filed a motion for reconsideration on August 20, 2018, which was denied without a hearing. . . .

*Id.* at 1-2.

The record reflects that Mother filed a timely notice of appeal, together with a statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(a)(2)(i). The trial court thereafter filed its Rule 1925(a)(2)(ii) opinion.

A review of Mother's brief demonstrates that she has failed to comply with Pa.R.A.P 2111. In her brief, Mother fails to include a statement of jurisdiction, the order in question, a statement of both the scope of review and the standard of review, a statement of questions involved, a statement of the case, a summary of the argument, a short conclusion stating the precise relief sought, and a copy of the trial court's opinion.

Mother's brief is a narrative that sets forth her version of the facts relevant to this custody dispute, as well as the reasons why she believes that she should be awarded primary physical custody, but it fails to set forth any legal argument with citation to legal authority to demonstrate an abuse

of discretion below. As this court has stated, where, as here, "a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Jones v. Jones**, 878 A.2d 86, 89 (Pa.Super. 2005) (citation omitted).

Although we are mindful that Mother is proceeding **pro se**, her choice to do so does not relieve her of her responsibility to properly raise and develop appealable claims. **See Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa.Super. 1996). Moreover, this court will not act as Mother's counsel. **See id.** Accordingly, because the substantial defects in Mother's brief preclude us from conducting any meaningful judicial review, we are constrained to dismiss this appeal. **See** Pa.R.A.P. Rule 2101; **see also Smathers**, 670 A.2d at 1160-1161.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/16/19