J-A15011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| REGINALD NOBLE YHWH AND | : | |
| TENANT/OCCUPANT | : | |
| | : | |
| | : | |
| APPEAL OF: REGINALD NOBLE YHWH | : | No. 3084 EDA 2019 |

Appeal from the Judgment Entered October 23, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 190501616

BEFORE:   LAZARUS, J., KING, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY KING, J.:                    **FILED JULY 28, 2020**

Appellant, Reginald Noble YHWH, appeals from the summary judgment entered in the Philadelphia County Court of Common Pleas, in favor of Appellee, Bank of America, N.A., in this ejectment action.  On March 5, 2019, Appellee purchased at sheriff's sale real property located at 1533 Orland Street, Philadelphia, Pennsylvania 19126 ("Property").  Appellee filed an ejectment action against Appellant on May 15, 2019, to remove him and other occupants from the Property.  On June 5, 2019, Appellant filed an answer claiming the sheriff's sale was improper.  Appellee filed a motion for summary judgment on September 6, 2019.  Appellant filed a response on September

_____

[*] Retired Senior Judge assigned to the Superior Court.

23, 2019. On October 23, 2019, the court granted Appellee's motion for summary judgment, entered a judgment of ejectment against Appellant, and gave Appellee immediate possession of the Property. Appellant timely filed a *pro se* notice of appeal on October 28, 2019. On November 6, 2019, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors, which Appellant timely filed on November 22, 2019.

Preliminarily, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.* Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (some internal citations omitted). *See also* Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief).

Instantly, Appellant's "brief" on appeal is completely inadequate, lacking the necessary statement of jurisdiction, relevant scope and standard of review, statement of questions presented, and any coherent argument section. *See* Pa.R.A.P. 2111(a) (discussing required content of appellate briefs). *See also Smathers v. Smathers*, 670 A.2d 1159 (Pa.Super. 1996)

(stating noncompliance with Rule 2116 is particularly grievous because statement of questions involved defines specific issues for review). Appellant provides no cogent legal arguments or relevant authority to support his claims. **See** Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority). These substantial defects preclude meaningful review, warranting suppression of Appellant's brief and dismissal of the appeal.[1] **See In re Ullman, supra**; Pa.R.A.P. 2101. Accordingly, we suppress Appellant's brief and dismiss his appeal.

Appeal dismissed.

_____

[1] Moreover, the record supports the court's entry of summary judgment in favor of Appellee for the reasons stated in the trial court's opinion. (**See** Trial Court Opinion, filed January 21, 2019, at 2-5) (finding: Appellee attached to its ejectment complaint recorded deed of Property, legally obtained by Appellee when it purchased Property at sheriff's sale; by attaching deed to ejectment complaint, Appellee established its legal and proper ownership of Property and Appellant's unlawful occupancy of Property; Appellant has failed to raise any issues of material fact in dispute regarding ejectment action; Appellant has failed to provide any evidence to challenge sheriff's sale deed produced by Appellee; although Appellant insists foreclosure and subsequent sheriff's sale of Property was somehow improper, party to foreclosure action cannot collaterally attack sheriff's sale held in foreclosure action in subsequent ejectment action; thus, summary judgment in favor of Appellee was proper).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2020