J-S37033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LSF9 MASTER PARTICIPATION TRUST | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARIAN J. MCQUAY | : | |
| Appellant | : No. 920 EDA 2021 | |

Appeal from the Judgment Entered April 7, 2021
in the Court of Common Pleas of Chester County Civil Division at No(s):
2014-05272

BEFORE:    PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JANUARY 19, 2022**

Marian J. McQuay appeals from the April 7, 2021 judgment entered in favor of Appellee, LSF9 Master Participation Trust ("LSF9"), in this mortgage foreclosure action, following the denial of Appellant's post-trial motions. After careful review, we affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> This is a mortgage foreclosure action with respect to residential property located at 116 Leadline Lane, West Chester, Pennsylvania owned by [Appellant].
>
> . . . .
>
> Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home

---

[*] Former Justice specially assigned to the Superior Court.

Loans Servicing, LP, commenced this mortgage foreclosure action by filing a Complaint on June 6, 2014. The original Complaint contained a single claim — for mortgage foreclosure.

On July 11, 2014, [Appellant] filed an Answer to the Complaint. In her original Answer, [Appellant] did not allege that her signature on the mortgage at issue was forged. This action was stayed for lengthy periods of time as a result of two bankruptcies filed by [Appellant], which the court notices:

- ***In re: Marian J. McQuay***, United States Bankruptcy Court for the Eastern District of Pennsylvania, No. 15-15201; and

- ***In re: Marian J. McQuay***, United States Bankruptcy Court for the Eastern District of Pennsylvania, No. 16-181123.

The first bankruptcy (a Chapter 13 converted to a Chapter 7) was terminated on June 6, 2016. The second bankruptcy (a Chapter 13) was dismissed on January 31, 2018 as a result of [Appellant's] failure to make plan payments.

On April 9, 2018, LSF9 was substituted in as the plaintiff in this action. On November 27, 2019, with leave of court, LSF9 filed an Amended Complaint which contained three claims: a claim for mortgage foreclosure (Count I) and "alternative" claims for equitable subrogation/unjust enrichment (Count II) and equitable lien (Count III).

On December 24, 2019, [Appellant] fled an "Answer to the Amended Complaint with New Matter and Counterclaim." In her Counterclaim, [Appellant] alleged that LSF9 is wrongfully prosecuting this action and that the action is causing damage to [Appellant's] professional career, future employment, credit history, and her marriage. At trial, this was conflated to a claim that LSF9 could not show that it was the real party in interest. It did show this at trial.

- 2 -

> On January 6, 2020, LSF9 filed its "Answer to Defendant's New Matter and Counterclaim."
>
> . . . .
>
> LSF9 is the current holder of the Loan and Mortgage pursuant to an "Assignment of Mortgage" dated December 9, 2015 and recorded in the Recorder's Office on January 11, 2016 at Document ID No. 11452617.
>
> [Appellant] failed to pay the monthly installments of principal and interest due since March 1, 2013. [Appellant] admitted that she stopped making any further payments for the Loan and Mortgage "around 2013, 2014." This constitutes a default under the terms of the Loan and Mortgage.
>
> [Appellant] also admits that she has not been paying the homeowners insurance or the real estate taxes on the Property for the last five or six years.

Trial court opinion, 7/16/20 at 2-3, 6 n.1 (subheadings, internal citations, and parentheticals omitted).

On July 13 and 14, 2020, the trial court conducted a non-jury trial on this matter. On July 15, 2020, the trial court entered its "Decision" in favor of LSF9 in the amount of $797,879.67, plus interest. Appellant filed post-trial motions on July 16, 23, and August 25, 2020, respectively. Following oral argument, the trial court denied all of Appellant's post-trial motions on September 9, 2020.

On April 7, 2021, final judgment in this matter was entered in favor of LSF9 and against Appellant. This timely appeal followed on April 12, 2021.[1] On April 14, 2021, the trial court directed Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed her timely Rule 1925(b) statement on April 30, 2021, and the trial court filed its Rule 1925(a) opinion on May 4, 2021.

On appeal, Appellant raises the following issues for our review:

> It was an error of law and an abuse of discretion by the [trial] court on the following issues:
>
> 1. The Court would not dismiss the action on the jurisdiction issue.
>
> 2. The Court would not dismiss the action when [LSF9] failed to meet the Burden of Proof on a Valid Mortgage.
>
> 3. The Court allowed an amended complaint after the Statute of Limitations had run.
>
> 4. The Court would not dismissed (sic) the action based on the Statute of Limitations.
>
> 5. The Court would not dismissed (sic) the action because [LSF9] had no standing.
>
> 6. The Court would not allow the deposition of [LSF9's] representative.
>
> 7. The Court would not allow a jury trial on several issues.

---

[1] Appellant's initial appeal at docket no. 1827 EDA 2020 was quashed by this Court because it was filed before final judgment was entered. ***See Per Curiam*** order, 2/16/21.

8.  The Court allowed the notary to testify to speculation.

9.  The Court ignored the Tenants by the Entireties law.

10. The Court ignored Bankruptcy law.

11. The Court ignored the false statements of [LSF9] alleged merger with Bank of America.

12. Must the Courts (sic) dismiss this action when the plaintiff failed to join an indispensable party?

Appellant's brief at 2.

Our standard of review of a non-jury trial is well settled:

> Our review in a nonjury case is limited to whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law.  We must grant the court's findings of fact the same weight and effect as the verdict of a jury and, accordingly, may disturb the nonjury verdict only if the court's findings are unsupported by competent evidence or the court committed legal error that affected the outcome of the trial.  It is not the role of an appellate court to pass on the credibility of witnesses; hence we will not substitute our judgment for that of the factfinder. Thus, the test we apply is not whether we would have reached the same result on the evidence presented, but rather, after due consideration of the evidence which the trial court found credible, whether the trial court could have reasonably reached its conclusion.

***Berg v. Nationwide Mut. Ins. Co., Inc.***, 189 A.3d 1030, 1036 (Pa.Super.

2018) (citation omitted), ***appeal dismissed***, 235 A.3d 1223 (Pa. 2020).

- 5 -

Prior to any consideration of the merits of Appellant's appeal, we must first determine whether her brief complies with the Pennsylvania Rule of Appellate Procedure.

It is well settled that parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101. "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *In re Ullman*, 995 A.2d 1207, 1211 (Pa.Super. 2010) (citation omitted), *appeal denied*, 20 A.3d 489 (Pa. 2011). We will not advocate or act as counsel for an appellant who has not substantially complied with our rules. *Bombar v. W. Am. Ins. Co.*, 932 A.2d 78, 93 (Pa.Super. 2007) (citation omitted).

Here, our review reveals that Appellant's brief falls well below the standards delineated in our Rules of Appellate Procedure. Preliminarily, we observe Appellant's "Statement of Issues" is in violation of Pa.R.A.P. 2116(a), which provides that the statement of the questions involved must state the issues "**with sufficient specificity** to enable the reviewing court to readily identify the issues to be resolved…." Pa.R.A.P. 2116(a) note.

Instantly, Appellant has set forth 12 separate "issues" for our review, comprised largely of general conclusory statements and only one of which is phrased as a question. *See* Appellant's brief at 2. Appellant's failure to include

a compliant statement of the questions involved is particularly troubling as this requirement defines the specific issues this court is being asked to review. **Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa.Super. 1996).

Appellant's brief also contains no separate section specifying the order or determination sought to be reviewed and no summary of the argument. **See** Pa.R.A.P. 2111(a)(2), (6). Although Appellant's brief does include a statement of the case, it is largely devoid of the necessary citations or references to the record in violation of Rules 2119(b) and (c) and is interwoven with multiple allegations that are not relevant to the factual or procedural history of this case.

Most significantly, our review of Appellant's sparse, four-page "Argument" reveals that the majority of her claims are woefully underdeveloped or unsupported by any citation to the record or relevant legal authority, in violation of Rules 2119(a). **See** Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation of authorities as are deemed pertinent.").

This Court has long recognized that "[t]he failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa.Super. 2018) (citation, internal quotation marks, and brackets omitted), **appeal denied**, 199 A.3d 340 (Pa. 2018). "[A]rguments which are not appropriately developed are waived." **Egan v. USI Mid-Atl., Inc.**, 92 A.3d 1, 17 (Pa.Super.

2014) (citation omitted). "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Failure to do so constitutes waiver of the claim." *Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.*, 959 A.2d 438, 444 (Pa. Super. 2008) (citation omitted), *appeal denied*, 972 A.2d 522 (Pa. 2009).

Here, the "Argument" section of Appellant's brief is confusing and presents vague, largely conclusory allegations of error. For example, in Issue 1, Appellant avers that LSF9's action should have been dismissed "on the jurisdiction issue," but offers nothing in support of this contention other than two citations to her reproduced record of statements allegedly made by LSF9 in completely unrelated litigation. Appellant's brief at 6.

Likewise, Appellant baldly contends in Issue 2 that "[LSF9] failed to prove a valid mortgage" existed at trial, but even a cursory review of the record revealing overwhelming evidence that Appellant executed a note, mortgage and two loan modifications, that the proceeds of the loan were used to refinance and pay off her 2006 mortgage, which Appellant acknowledged signing. *Id.*; *see also* trial court opinion, 7/16/20 at 9-10.

Additionally, a number of Appellant's claims are not sufficiently developed to warrant review. For example, Appellant's entire argument for Issue 7 consists of four sentences, her entire argument for issue 8 is one sentence in length, and Issue 12 is comprised of one short, conclusory

paragraph alleging fraud. *See* Appellant's brief at 8-9. Appellant's "Argument" section also does not include a single citation to the certified record nor any of the relevant portions of the non-jury trial and hearing transcripts.

Appellant has also failed to include citation to any case law or relevant legal authority in support of Issues 1, 7, 8, 9, 11 and 12. *Id.* at 6-9. To the extent that Appellant's "Argument" does contain citation to case, we note that she fails to conduct a meaningful discussion and analysis of this legal authority and how it is applicable to her case. *Id.*; Issues 2-6, 10.

Given the substantial defects in Appellant's brief, we could dismiss her appeal for failure to comply with our Rules of Appellate Procedure. *In re Ullman*, 995 A.2d at 1211. However, based on our foregoing discussion we elect to find all of Appellant's issues waived. *See McEwing v. Lititz Mut. Ins. Co*., 77 A.3d 639, 647 (Pa.Super. 2013) (stating, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted); *Egan*, 92 A.3d at 17.

Accordingly, we affirm the April 7, 2021 judgment entered in favor LSF9 and against Appellant.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/19/2022