**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| IN RE: DANIEL NOBLES | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| APPEAL OF: DANIEL NOBLES | : No. 2667 EDA 2022 |

Appeal from the Order Entered October 4, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-MD-0004213-2021

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                **FILED NOVEMBER 27, 2023**

Appellant, Daniel Nobles, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his motion for return of property.  We dismiss the appeal.

In its opinion, the trial court set forth the relevant facts and procedural history of this case as follows:

> This is a petition brought by Appellant…for the return of property pursuant to Pa.R.Crim.P. 588.  [Appellant] filed his petition on December 16, 2021, following the dismissal of charges in a related criminal case [at No. CP-51-CR-2412-2020].  [Appellant] sought the return of a .40 caliber Smith & Wesson handgun which was seized when he was arrested on May 17, 2020.  According to his petition, the criminal charges against him ultimately were dismissed and therefore he seeks the return of the seized property.
>
> *    *    *
>
> On October 4, 2022, a hearing was held where the Commonwealth presented the following facts surrounding

the charges in the criminal case. [Appellant] gave a statement to the police that during an argument with a female neighbor, an unknown male punched him two to three times. [Appellant] drew and pointed his firearm at the male who fled from the scene. Later that evening, [Appellant] went for a walk towards Adam Avenue where an unknown, unarmed male ran at him. [Appellant] stated that he drew his gun and shot the unarmed male in the leg. The police arrived, saw that the male was on the ground unconscious, bleeding heavily and transported him to the hospital where he underwent surgery for a gunshot wound. [Appellant] was charged with Aggravated Assault, [Possessing] Instruments of Crime, Simple Assault and Recklessly Endangering Another Person. The case was dismissed on the Commonwealth's motion for a *nolle prosequi* on November 23, 2021.

This court denied [Appellant's] petition for return of the firearm. The court found that [Appellant] had the ability to retreat and that his life was not in danger and therefore he was irresponsible in shooting an unarmed man in the leg causing serious injuries. The court further found that although the underlying criminal charges against [Appellant] were ultimately withdrawn, [Appellant's] explanation for shooting the unarmed male was not credible. This court further found that there was sufficient nexus between the use of the gun in shooting the individual and criminal conduct and although the charges [were] withdrawn, the gun was derivative contraband because it was used in the preparation of an unlawful act. …

On October 14, 2022, [Appellant] filed a notice of appeal. On November 2, 2022, this court issued an order pursuant to Pa.R.A.P. 1925(b), directing [Appellant] to file a Concise Statement of Matters Complained of on Appeal. … [Appellant did not comply with the court's order].

(Trial Court Opinion, filed 2/17/23, at 1-4, unnumbered) (footnotes omitted).

Preliminarily, we recognize:

[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash

or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.*** Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***In re Ullman***, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (some internal citations omitted). ***See also*** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief).

Instantly, Appellant's brief on appeal is completely inadequate as it lacks, *inter alia*, the necessary statement of jurisdiction, relevant scope and standard of review, statement of questions presented, statement of the case, and any cogent argument section. ***See*** Pa.R.A.P. 2111(a) (discussing required content of appellate briefs). ***See also Smathers v. Smathers***, 670 A.2d 1159 (Pa.Super. 1996) (stating noncompliance with Rule 2116 is particularly grievous because statement of questions involved defines specific issues for review). Instead, Appellant's brief is largely a copy-and-paste of the trial court's opinion with a few sentences incorporating Appellant's version of events or assertions. Notably, Appellant even repeats the trial court's statements which are contrary to his own argument. Appellant cites no law whatsoever to support his claims. ***See*** Pa.R.A.P. 2119(a). Rather, the only law cited is the law from the trial court opinion supporting the court's analysis of why Appellant is not entitled to relief. These substantial defects preclude

meaningful review, warranting suppression of Appellant's brief and dismissal of the appeal.[1]  Thus, we suppress Appellant's brief and dismiss his appeal.

Appeal dismissed.  Case is stricken from argument list.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/27/2023

_____

[1] Further, as the trial court explained, Appellant did not comply with the court's Rule 1925(b) order.  Thus, we agree with the trial court that Appellant's claims on appeal are also waived on this basis.  (**See** Trial Court Opinion at 4, unnumbered).  **See also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222 (Pa.Super. 2014) (*en banc*) (holding appellant's failure to comply with trial court's Rule 1925(b) order constitutes waiver of issues for appellate review).