J-S16043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TORREY-TYREE LEWIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILMINGTON SAVINGS FUND | : | No. 2483 EDA 2023 |
| SOCIETY FSB | : | |

Appeal from the Order Entered July 11, 2023
In the Court of Common Pleas of Chester County Civil Division at No(s):
2023-04719-MJ

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 22, 2024**

Torrey-Tyree Lewis appeals ***pro se*** from the trial court's July 11, 2023 order dismissing his "Complaint in Replevin/Injunctive Relief/Damages" filed contemporaneously with his "Petition and Affidavit to Proceed ***In Forma Pauperis***," pursuant to Pennsylvania Rule of Civil Procedure 240(j).[1]  For the reasons that follow, we quash this appeal.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Rule 240(j) provides, in relevant part, as follows:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of

*(Footnote Continued Next Page)*

Preliminarily, we note that Appellant improperly appealed the trial court's July 11, 2023 order dismissing his complaint to our Supreme Court. Our Supreme Court subsequently transferred Appellant's notice of appeal to this Court on September 13, 2023. The trial court docket further reflects that Appellant failed to file a notice of appeal in the trial court, as required by Pa.R.A.P. 902(a) and 905(a)(1). Consequently, because the notice of appeal was filed in the Supreme Court and transferred to this Court, and was not filed in the trial court, we issued an order on January 23, 2024 directing the Prothonotary to accept the transferred notice of appeal; vacate Appellant's brief; stay proceedings in this Court; and remand the record for the trial court prothonotary to docket the notice of appeal. *See* Pa.R.A.P. 905(a)(4) (explaining that if notice of appeal is mistakenly filed in appellate court, clerk shall immediately stamp it with date of receipt and transmit it to the clerk of court which entered the order appealed from). The order further directed that Appellant and the trial court comply with Rule 1925, and directed the trial court prothonotary to transmit the new certified record to this Court. The trial court filed an updated Rule 1925(a) opinion and certified record on March 14, 2024.

---

poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1).

Prior to any consideration of the merits of Appellant's appeal, we must first determine whether his brief complies with the Pennsylvania Rule of Appellate Procedure.

It is well settled that parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101. "This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa.Super. 2003) (citations omitted), **appeal denied**, 879 A.2d 782 (Pa. 2005).

Here, our review reveals that Appellant's brief falls well below the standards delineated in our Rules of Appellate Procedure. Although Appellant's brief does include a "Statement of the Case," it is entirely devoid of the necessary citations or references to the record in violation of Rules 2119(b) and (c), and is interwoven with multiple allegations that are not relevant to the factual or procedural history of this case. **See** Appellant's brief at 14-15; Pa.R.A.P. 2119(b), (c).

Additionally, Appellant's "Statement of Questions Involved" is in direct violation of Rule 2116(a), which provides that the statement of the questions involved must state the issues "**with sufficient specificity** to enable the reviewing court to readily identify the issues to be resolved…." Pa.R.A.P.

2116(a) note (emphasis added). Herein, Appellant baldly contends that "the Court of Common Pleas of Chester County, Pennsylvania erred in dismissing Appellant['s] Complaint in Replevin/Injunctive Relief/Damages in affidavit form." Appellant's brief at 13.

Appellant's failure to include a compliant statement of the questions involved is particularly troubling as this requirement defines the specific issue this court is being asked to review. *See e.g.*, *Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa.Super. 1996).

As best we can discern from Appellant's woefully disjointed brief, the crux of his argument is that the Court of Common Pleas of Chester County erred in failing to overrule a June 23, 2022 writ of possession issued by the Court of Common Pleas of Delaware County with respect to a parcel of property located in Chester County. However, our review reveals that Appellant utterly failed to conduct a meaningful discussion and analysis of any relevant legal authority in support of this claim, in violation of Rule 2119(a). *See* Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation of authorities as are deemed pertinent."). On the contrary, Appellant's sparse, two-sentence "Argument" section is entirely devoid of any argument, citation to the record, or caselaw. *See* Appellant's brief at 18.

Even if this Court would attempt a liberal construction of Appellant's brief, it would not remedy the substantial inadequacies and failures to comply

with the Rules of Appellate Procedure contained therein. In reaching this decision, we note that we will not advocate or act as counsel for an appellant who has not substantially complied with our rules. *Bombar v. W. Am. Ins. Co.*, 932 A.2d 78, 93 (Pa.Super. 2007) (citation omitted). "Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." *Lyons*, 833 A.2d at 251-252. On the contrary, "any person choosing to represent himself in a legal proceeding must . . . assume that his lack of expertise and legal training will be his undoing." *Wilkins v. Marsico*, 903 A.2d 1281, 1285 (Pa.Super. 2006) (citation omitted), *appeal denied*, 918 A.2d 747 (Pa. 2007).

Accordingly, we are compelled to quash this appeal due to the numerous defects in Appellant's brief, which impede our ability to conduct meaningful appellate review.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/22/2024