J-A24029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SCOTT AND AURORA DIZEL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID M. HOLLAND AND CHRISTINA | : | |
| BRAWLEY-HOLLAND | : | |
| | : | No. 1237 EDA 2024 |
| Appellants | : | |

Appeal from the Order Entered April 15, 2024
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2021-009092

BEFORE:  LAZARUS, P.J., KING, J., and LANE, J.

JUDGMENT ORDER BY KING, J.:                    **FILED OCTOBER 17, 2024**

Appellants, David M. Holland and Christina Brawley Holland, appeal *pro se* from the order entered in the Delaware County Court of Common Pleas, granting summary judgment in favor of Appellees, Scott and Aurora Dizel.  We dismiss the appeal.

In its opinion, the trial court set forth the relevant facts and procedural history of this case as follows:

> This matter concerns a boundary dispute between abutting properties.  [Appellees] filed an Action in Ejectment on November 3, 2021, alleging that [Appellants] were encroaching on [Appellees'] property.  [Appellees] properly served [Appellants] and as no answer was filed, a motion for Default Judgment was filed on December 29, 2021, which was denied without prejudice for procedural error on April 21, 2022.  [Appellees] filed a second Motion for Default Judgment on June 1, 2022.  After a hearing before the Honorable Kelly D. Eckel, [Appellees'] motion was denied without prejudice by Order of November 30, 2022.[2]

[Appellants] answered said Complaint on December 20, 2022. Discovery then commenced.

> [2] The Order specifically stated it "advised [Appellants] that they need to review the Complaint and the Notice to Defend, obtain legal advice and respond to allegations in the Complaint in order to avoid a default judgment being entered against them."

Regarding discovery, [Appellees] filed a Certificate of Service on January 4, 2023 indicating that [Appellees'] counsel sent a Second set of Interrogatories, a Request for production of Documents, and Request for Admissions to [Appellants] via certified Mail.

On February [2]2, 2023, [Appellees] filed a Motion for Summary Judgment, averring that [Appellants] had not responded to discovery. [Appellants] did not respond to that motion. On August 16, 2023[, Appellees] filed a Supplemental Certificate of Service informing [Appellants] that an answer to the Motion for Summary Judgment must be filed by September 15, 2023. On September 2, 2023 [Appellants] filed a one-page document entitled "Answer to Interrogatories" with 3 unnumbered paragraphs. However, there was no response to the Motion for Summary Judgment and no response to the Request for Admissions nor production of documents. Nonetheless, this [c]ourt denied [Appellees'] Motion for Summary Judgment without prejudice on October 17, 2023 as the exhibits that [Appellees] referenced as relying on, were inadvertently not attached to the Motion.

On January 9, 2024[, Appellees] refiled the Motion for Summary Judgment with exhibits and a supporting memorandum of law, again with no response from [Appellants.] After review of the complete Motion, and total lack of response from [Appellants], this [c]ourt granted [Appellees'] Motion by Order of April 2, 2024 [and entered April 15, 2024]. This appeal followed [on May 2, 2024].

(Trial Court Opinion, dated 6/10/24, at 2-3) (some internal footnotes

omitted).[1]

Preliminarily, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.* Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (some internal citations omitted). *See also* Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief).

Instantly, Appellants' brief is completely inadequate as it lacks, *inter alia*, the necessary statement of jurisdiction, relevant scope and standard of review, statement of questions presented, summary of the argument, and any cogent argument section. *See* Pa.R.A.P. 2111(a) (discussing required content

---

[1] On June 18, 2024, Appellees filed an application to quash the appeal claiming that Appellees failed to preserve any reviewable issues for this Court's review. On July 18, 2024, Appellees filed an application to dismiss the appeal based on Appellants' failure to file a reproduced record, failure to comply with the rules of appellate procedure, and seeking sanctions. Appellants filed a response to the application to dismiss on July 19, 2024. On August 5, 2024, this Court denied the application to quash without prejudice to Appellees' right to re-raise the issue in their appellate brief. This Court deferred the application to dismiss to the merits panel.

of appellate briefs). ***See also Smathers v. Smathers***, 670 A.2d 1159 (Pa.Super. 1996) (stating noncompliance with Rule 2116 is particularly grievous because statement of questions involved defines specific issues for review). Appellants provide only a one-paragraph "argument" section that does not include any citations to legal authority. ***See*** Pa.R.A.P. 2119(a) (stating argument shall be divided into as many parts as there are questions to be argued followed by such discussion and citation of authorities as are deemed pertinent). These substantial defects preclude meaningful review, warranting suppression of Appellants' brief and dismissal of the appeal.[2] Thus, we suppress Appellants' brief and dismiss this appeal.

Appeal dismissed. Case is stricken from argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/17/2024

---

[2] Based on our disposition, we grant Appellees' application to dismiss due to Appellants' failure to comply with the rules of appellate procedure. Nevertheless, we deny Appellees' request for sanctions.