J-A01027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| ALMA A. LASSO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREENBRIAR VILLAGE L.P. | : | No. 1357 EDA 2024 |

Appeal from the Order Entered April 18, 2024
In the Court of Common Pleas of Northampton County Civil Division at
No(s): C-48-CV-2022-08762

BEFORE: DUBOW, J., KING, J., and SULLIVAN, J.

JUDGMENT ORDER BY KING, J.: **FILED DECEMBER 12, 2024**

Appellant, Alma A. Lasso, appeals *pro se* from the order entered in the Northampton County Court of Common Pleas, which granted the motion for summary judgment filed by Appellee, Greenbriar Village L.P. We dismiss the appeal.

The relevant facts and procedural history of this case are as follows. On December 5, 2022, Appellant filed suit against Appellee, alleging that Appellee (the property manager/landlord at the mobile community where Appellant leases a residence) was negligent in connection with a dog bite that Appellant sustained on December 9, 2020, when another tenant's dog bit Appellant. Appellee filed a motion for summary judgment on December 12, 2023. Appellant did not file a response to Appellee's motion for summary judgment. The court held oral argument on April 16, 2024. On April 18, 2024, the court granted Appellee's motion. This timely appeal followed.

Preliminarily, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **Id.** Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (some internal citations omitted). **See also** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief).

Instantly, Appellant's brief is completely inadequate as it lacks, *inter alia*, the necessary statement of jurisdiction, relevant scope and standard of review, statement of questions presented, summary of the argument, and any cogent argument section. **See** Pa.R.A.P. 2111(a) (discussing required content of appellate briefs). **See also Smathers v. Smathers**, 670 A.2d 1159 (Pa.Super. 1996) (stating noncompliance with Rule 2116 is particularly grievous because statement of questions involved defines specific issues for review).[1] Although Appellant opens her brief with some citations to legal

---

[1] Appellant's brief includes a section titled "Statement of Appealability" which purports to allege seven reasons for her appeal. Nevertheless, Appellant's one-paragraph argument section does not address each of these claims.

authority, she fails to apply any of the cases cited to the facts of this case in a meaningful way. *See* Pa.R.A.P. 2119(a) (stating argument shall be divided into as many parts as there are questions to be argued followed by such discussion and citation of authorities as are deemed pertinent). As Appellee correctly points out, these substantial defects preclude our review, warranting suppression of Appellant's brief and dismissal of the appeal. Thus, we suppress Appellant's brief and dismiss this appeal.

Appeal dismissed. Case is stricken from argument list.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/12/2024